## DECEMBER TERM, 1843.

### HAMBERLIN, *et al. v.* TERRY, EXECUTOR, *et al.*

If the probate of a will has been obtained by fraud or surprise, the probate courts in this
State have power, upon a proper showing, to vacate the probate thus irregularly obtain-
ed, examine the whole matter *de novo*, and decide accordingly.

The probate courts in this State have, under our constitution, *sole* jurisdiction of the
subject of wills ; a jurisdiction, at least, commensurate with that of the ecclesiastical
courts of Great Britain ; and the court of chancery has no power in this State, to de-
cree the probate of a will void, even though charged to have been procured by fraud,
such power belonging exclusively to the probate courts.

H. and others filed their bill, stating that the will of their ancestor, made in a fit of
lunacy, had been probated by fraud, and praying that the Court of Chancery would set
the probate aside ; the will contained a clause, emancipating the slaves which remain-
ed in the hands of the executor, and also constituted a residuary legatee, who was not
made a party to the bill ; *held*, that though the Court of Chancery had no jurisdiction
to set aside the probate of the will, yet that the emancipation of the slaves was a *void*
bequest, and to that extent the court would have jurisdiction, if the residuary legatee
had been party to the proceedings.

All personal property of a testator not disposed of, or ill disposed of, that by lapse, or
void bequest for illegality, does not pass as directed by the testator, goes to the residu-
ary legatee.   A different rule prevails as to *real* estate.

THE bill in this case was filed by the heirs-at-law of Pickens,
deceased, to set aside the probate of their ancestor's will, alleged to
have been effected by fraud and surprise.   The will, among other
things, emancipated the slaves of the testator, and also constituted
a residuary legatee, who was not made a party to the bill.

There was a general demurrer to the bill, for the want of juris-
diction in the Court, to grant the relief asked for ; upon which the
cause was submitted to the Court.

CHANCELLOR.   The complainants sue as heirs-at-law of their
deceased ancestor, and in their bill, pray, that the probate of a
will made by him, may be vacated, and a trial for the establishment
of the will, be ordered *de novo* in the Probate Court of Jefferson
county, in which court, the probate which they seek to set aside
has been effected.   It is charged, that the testator was a lunatic,
and, at the time of making the will, was laboring under a fit of

lunacy ; that the making of the will was obtained by surprise and fraud. The ground upon which the interposition of this Court is asked, is that of newly discovered testimony. To the bill there is a general demurrer.

That the Probate Court has the power to vacate the probate of a will, and examine the whole matter *de novo,* upon proper showing by bill or petition, I have no doubt. This power results as well from its constitutional jurisdiction, as from the analogy which its power over these matters bears to the ecclesiastical courts of England. To vacate the probate of a will, or repeal letters of administration, where the one or the other was procured through fraud, error, or mistake, is a common exercise of power with the spiritual or ecclesiastical courts in England, having jurisdiction over testamentary matters. See 1st vol. Eccles. Rep. 44, ib. 357, ib. 425 ; Toller's Law Exec. 72; 1 P. Wms. 42, 43 ; *Blackburgh* v. *Davis,* Toller's Exec. 120 ; 4 Serg. and Rawle, 201.

It would seem, that our courts of probate have jurisdiction over testamentary matters commensurate, at least, with the ecclesiastical courts of England. The Supreme Court of this State has held, that they have by the constitution not only original, but full and exclusive jurisdiction over testamentary matters, and that it would be incompetent for the legislature to give that jurisdiction to any other tribunal. *Carmichael* v. *Browder,* 3 Howard, 352. The probate of wills, as to both real and personal estate, in this State, belongs exclusively to the courts of probate ; from whence, it would seem to follow, that if a probate of a will has been granted, although it may have been obtained by fraud, or the testator have been insane, the Probate Court alone can revoke it ; this is clearly the rule in England. 2 Vernon, 8 ; 1 P. Wms. 388 ; *Plume* v. *Beal,* 2 Vernon, 76 ; 3 Bro. P. C. 358 ; 1 Ves. jun. 287 ; Ambl. 756.

I am aware, that in the case of *Barnsley* v. *Powell,* 1 Ves. jun. 119 – 284, Lord Chancellor Hardwicke decreed a party, who had procured a will by fraud, to consent to the repeal of the probate. But this is an isolated case, and does not seem to have been generally followed. Upon the authority of this case, I find two decisions of like character, made by the Chancery Court of South Carolina, and directing a reëxamination before the Probate

Hamberlin, et al. *v.* Terry, et al.

Court.   2 Desaus.  313, 342.   In both these cases, the Court and counsel seem to have overlooked the question, — whether the power of vacating the probate of a bill and of examining the matters *de novo*, might not be exercised, and whether it did not properly belong to the jurisdiction granting it.

There is one ground taken by the bill in this case, which demands notice.   That provision of the will which seeks to emancipate some slaves and gives them a pecuniary legacy, is clearly void, under the laws of this State upon that subject.   The executor is, it is charged, in possession of them under the will; this feature would seem, at first, to give jurisdiction to the extent of the void bequest or legacy.   But upon examining the will, it is found to contain a residuary bequest to the defendants, A. and M. Gupton. This provision excludes the complainants from all claim whatever, under the void bequest.   The law is now well settled, that a residuary bequest carries not only everything not disposed of, but everything ill disposed of, and everything that in the event turns out not to be disposed of, whether by a partial revocation of a will, a lapse, or by a gift being void for illegality.   1 Ves. sen. 320 ; Roper on Legacies, 453 ; 2 Merivale, 392.

In relation to real estate the rule is different, a void devise passes to the heirs, and not to the residuary devisee.

The demurrer must be sustained, and the bill dismissed at complainants' costs.