FRANCES M. HUNTER, Guardian, &c., *vs.* JAMES THURMON, Administrator, &c.

It was not competent for H. to appeal until he first executes an appeal bond, unless the exception be extended to him which is applied generally to executors and administrators.

It is the settled doctrine of this court, that executors and administrators are not required in such cases to give bond, only where they would be personally responsible for the cost of the appeal. *Wade* v. *Amer. Col. Society*, 4 S. & M. 670.

The appellant having asserted a right in opposition to the title of the repre-

sentative, the cost of the appeal could not be taxed against the estate; *held*, that he was bound to give bond.

ON appeal from the probate court of Holmes county.

J. Thurmon, appellee, filed his petition in the probate court of Holmes county, in which he states that he is the administrator of M. Thurmon, his former wife; that appellant was the guardian of said decedent; that he, appellant, has in his possession part of the effects; that petitioner is entitled to the possession thereof; prays that the said Hunter surrender his letters of guardianship of said Minerva, and deliver said effects to petitioner. Appellant in his answer admits, that appellee is administrator of said Minerva, and that she was his wife, and that he is and was her guardian; that as such guardian he has, when required, made annual settlements with the probate court; that he delivered all of her property to said decedent in her lifetime, except a note on J. J. Spurlock, for $680, which note is subject to a deduction of $77; that he placed said note in the hands of a lawyer for collection, and that he, appellant, has as yet received no part thereof; that said Minerva died childless, and that respondent's wife is her only sister and heir-at-law; that his wife, as heir-at-law, is entitled to said note, said appellee never having reduced it to possession; that said Minerva owed no debts, and that appellee is not authorized to recover said note; that about $100 at one, and $70 at another annual settlement, were decreed to be due him from his ward; claims the right to hold and collect said note, and to reimburse himself for the amount alleged to be due him. Appellant also presented his final account as guardian. His receipts without said note, amounted to $252.30; disbursements to $484.02 1-2. The court allowed said account and gave said appellant commissions to the amount of $102.23; directed appellant to deliver said note to appellee; declared said appellant's powers and duties as guardian to be at an end; and ordered said petitioner to pay said Hunter $231.72 1-2, the balance due him.

Hunter excepted, and appealed to this court without giving bond.

Hunter *v.* Thurmon.

*W. H. Brown*, for appellant.

A decree requiring H. to - pay over the balance of the proceeds of the note sued on by him when collected, after retaining what was found due him on his final settlement, would have seemed more reasonable, instead of requiring him to deliver up the only security which he had left; and in lieu thereof, to take a decree against Thurmon for the amount due him, who, for aught that appears, may be wholly insolvent.

The court erred in not making said decree a conditional one, to wit, that Hunter should deliver up the receipt, upon condition that Thurmon paid him the amount found due on final settlement. It was inequitable and unjust to require Hunter to deliver up the only security which he had without being paid or well secured.

The objection, that Hunter did not enter into an appeal bond, cannot prevail; he has entered into a guardian's bond, conditioned to perform his duties according to law, and there exists a sufficient and full remedy on that bond. Hunter, in his answer, denies the right of appellee's intestate to the fund in his hands; and it is insisted that he occupies the position of an administrator who is not required to enter into an appeal bond, as has been decided by this court and the courts of other sister States. See 1 S. & M. 590; 3 Randolph, Rep. 1; *Williams* v. *Stewart*, 12 S. & M. 533.

*D. Mayes* on the same side.

The record presents a case not within the jurisdiction of the probate court. It is substantially a suit by an administrator to reduce to possession what he claims as assets of his intestate. As husband, he might have called for a settlement of the guardian account in his wife's lifetime. She being dead, he has no rights but as administrator, to reduce to possession her choses in action. That he must do in the proper forum of law or equity.

The note is but evidence of a debt, due the deceased, and the administrator, if entitled to the debt, may sue for and recover it without possession of the note. But the note was in

suit. Being in the custody of the law, no suit could be maintained for its recovery.

If bond should have been given, it might be ground for motion to dismiss, and cannot be objected at the hearing; but the statute which gives the appeal without bond, and allows it to be granted by the clerk or a judge, dispenses with it altogether on a reasonable construction.

*Dyer* and *Hooker*, for appellee.

The appellant gave no appeal bond, and the cause should, for this reason, be dismissed. Appeal bonds, as a general rule, are necessary to give this court jurisdiction, and without such a bond the appeal cannot be sustained. *Hardaway* v. *Biles*, 1 S. & M. 657; Hutch. Code, 647, § 12. It was contended in the court below, and perhaps will be here, that this rule does not apply to guardians, and that they have a right to appeal without giving bond. It has been decided, it is true, by this court, in the case of *Scott* v. *Searles*, 1 S. & M. 590, that administrators may appeal without giving bond, but that decision goes upon the ground, that the administrator would, if required to give bond with security, become personally responsible, and thereby might be bound beyond the assets in his hands, which would be contrary to the statute. This, indeed, might often happen, as an administrator can be sued for debts of his decedent, and judgment, in case of appeal, might go against him and his surety on their bond; but guardians cannot be sued in that capacity for debts of their wards; the suit must be either against them personally, or against the ward. So a judgment could not be recovered against them as guardians, for debts for a greater sum than those for which they had bound themselves. The judgment would not be against the " effects of their ward," in their hands, but against their own property. The cases are not at all analogous, the office of administrator and guardian being entirely different.

In 4 S. & M. 670, it is decided, that if the judgment is to make even an administrator personally responsible, that he cannot appeal without giving bond and security. The decree in

the case at bar, binds appellant personally. It directs him to deliver a note to appellee; if he failed to do so, he could be attached. The decree did not direct the sale of the " effects of his ward in his hands," but operated upon him personally. A bond, then, even assimilating a guardian to an administrator, would be necessary to sustain the appeal.

The statute of 1846, (Hutch. Co. 926,) authorizes an appeal from a decree of a probate court, without bond, unless the appellant desires to stay further proceedings under the decree, and then a bond is required; but the appeal under this statute is granted on petition to the clerk, or by the high court, or one of the judges thereof. The appeal in the case at bar was granted by the probate court, not under this statute, but under the old statute. Hutch. Dig. 647, § 12. An appeal bond is, therefore, necessary.

If the appeal is not dismissed for want of a bond, we contend that there is no error in the decree.

One of the grounds of defence relied on by Hunter in his defence is, that the wife of appellee died childless, and that, the note not having been reduced to possession by Thurmon in her lifetime, Mrs. Hunter, the wife of appellant, is entitled to hold the same as the heir at law of Mrs. Thurmon. This question cannot arise in this case. The administrator is of course entitled to recover the effects of the deceased; as to the heirship or right of distribution, that must be settled in another proceeding.

If, however, the question was properly before the court, there can be no doubt but that the appellee, as the husband of his wife, she having left no children, is entitled to the note. *Lowry* v. *Huston*, 3 How. 394; Ib. 397; 7 Ib. 425; 1 Ib. 558; Smedes' Dig. 281, § 22; Ib. 282, § 25; 7 Johns. Ch. R. 229; Clancy on the Rights of Married Women, 11, 12.

The decree directs Hunter, the guardian, to deliver the note to the appellee, as administrator of his wife. This is in strict accordance with the provisions of the statute. Hutch. Co. 506, § 135. The guardian, by the provisions of this statute, on the cessation of his power, by his ward arriving at twenty-one years of age or marrying, is required to deliver up all the pro-

perty of such ward, including bonds and other securities, "to the ward or husband, as the case may be," agreeably to the order of the probate court. It is contended by Hunter, that he has a right to hold on to the note until the balance due him from his ward is paid by appellee. That balance is $231.72 1-2. The amount still due on the note is about $750. Whence does he derive that right? The law certainly gives him no such lien. He stands as any other creditor. If the administrator fails to pay him, he has his recourse against him. His power ceasing as guardian, he has no right to retain any of the effects of his ward; he would have no authority to sue on the note, to give a receipt for the money, or dispose of it in any way. He consequently could accomplish no object by keeping it. It would eventually run out of date, and thereby be entirely lost. Would a probate court be authorized to continue a guardian in office until whatever sum or balance he may claim is paid him? Certainly not. For the statute expressly provides, that his powers shall cease upon his ward's marrying, or arriving at twenty-one years of age. Upon either of these contingencies, the probate court is bound to remove him. But further, a guardian has no right to advance money for or to his ward beyond his or her income, and thereby bring him or her in debt. If the income will not pay the ward's necessary expenses, the probate court may order part of the ward's estate to be sold. Hutch. Co. 505, § 131. He should not have advanced more money than the income of the estate; having done so contrary to law and his duty, he surely has no right to retain a note of double the sum until he is paid.

It is insisted by the plaintiff in error, that the decree should have directed Hunter to deliver the lawyer's receipt for the note, and not the note itself. The decree in this respect is right. The administrator was entitled to the note that was the property of the deceased; and the statute provides, that the "property" of the ward shall be delivered up. We had no connection with the receipt or the lawyer who gave it. Hunter, by applying to the lawyer, could have got the note and then gave it up, and thereby easily have complied with the order of the court.

Garrard *v.* The State of Mississippi.

Mr. Chief Justice Smith delivered the opinion of the court.

A petition was filed in the court of probates of Holmes county against the appellant as the guardian of his late ward, Minerva Thurmon; the object of which was to compel him to deliver to petitioner certain effects which were the property of the said ward. A decree was accordingly rendered against the appellant, who prayed and obtained an appeal, without having entered into an appeal bond; and for that reason, it is insisted, the cause should be dismissed.

The appeal in this case was taken during term time. The twelfth section of the statute of 1821, Hutch. Co. 647, applies. It was not competent, therefore, for the party to appeal without first executing an appeal bond, conditioned according to law, unless the exception be extended to him which is applied generally to executors and administrators. But the rule, as settled in this court, relieves executors and administrators from the necessity of giving bond, as required by the general statute, only in cases where they would not be personally responsible for even the costs of the appeal. *Wade* v. *Am. Col. Society*, 4 S. & M. 670. In the case at bar, the decree of the court of probates, if valid, necessarily imposed a personal obligation on the appellant; and as he asserted a right in opposition to the title of the representative of his ward, the costs of the appeal could not rightfully be taxed against her estate. The appellant was, therefore, bound to give bond before an appeal could be taken. Not having done so, upon settled rule, this court will not take jurisdiction of the case.

Let the cause be dismissed.