WILLIAMSON AND BLAIR v. JAMES CHILDRESS, Adm'r, &c.

In an action brought by an executor or administrator, in which judgment is rendered for the defendant, or in a case in this court where the adverse party is entitled to costs, it is proper that a judgment should be rendered against the executor or administrator *de bonis propriis*.

The statute (Hutch. Code, 670, § 3), after providing that executors and administrators may sue and be sued, declares that "they shall be entitled to or be answerable for costs in the same manner that the defendant would have been; and they shall be allowed for the same in their accounts, provided the

court awarding costs against them shall certify that there were probable grounds for instituting, prosecuting, or defending the action on which a judgment or decree shall have been rendered. *Held*, that where the terms upon which the costs are to be allowed to the executor and administrator are not complied with, the money is not to be reimbursed out of the estate.

JAMES CHILDRESS, administrator, &c., brought suit in the court below, and recovered a judgment against Williamson and Blair, who sued out a writ of error to this court, where the judgment was reversed, and a judgment rendered against Childress for the costs. A *fi. fa.* was issued by the clerk of the high court of errors and appeals on said judgment against Childress, which recited the judgment in the usual form, &c., to "recover the costs," &c., "to be levied of the goods and chattels, rights and credits which were of the intestate in his hands to be administered, if so much there be, and remain otherwise of the proper goods and chattels, lands and te ments of the said defendant."

A motion was made to quash the writ of *fi. fa.* issuing in this case, because it commanded the sheriff to levy the costs of the goods and chattels of the administrator individually. The cases of *Work* v. *Hull, Administrator, &c.,* and *Englehart, Administrator, &c.* v. *Vanstemburg,* were submitted on the same point, and at the same time, to the court.

*Dixon* and *D. Shelton* for the motion.

*Mayes* and *Wharton* contra.

Mr. Justice HANDY delivered the opinion of the court.

This is a motion to quash a writ of *fieri facias,* because it commands the sheriff to levy the costs of the goods and chattels of the administrator, and the question which is submitted for our determination is this : — In an action brought by an executor or administrator, in which judgment is rendered for the defendant, or in a case in this court against an executor or administrator where the adverse party is entitled to costs, is it proper that a judgment should be rendered against the executor or administrator *de bonis propriis?*

If this question were free from expressions of opinion heretofore made by this court, the decision of it would be attended with no difficulty. But in the cases of *Scott* v. *Searles*, 1 S. & M. 590, and *Wade* v. *American Colonization Society*, 4 Ib. 680, in deciding the question whether administrators were required to give appeal bonds, this court says, " they are not liable to pay costs against the estate out of their own funds." This is stated as a reason why administrators were not required to execute such bonds; and though we adhere to these decisions, we think the reason stated is not justified by our statutes. It is founded on the statute providing that no executor or administrator shall be chargeable beyond the assets of the estate, by reason of " any omission or mistake in pleading, or false pleading." Hutch. Code, 657, § 57. That statute has reference only to matters of pleading. Its language clearly shows that; and its object was doubtless to protect estates from the errors or omissions " in pleading" of administrators, who, by reason of their want of information of the facts pertaining to suits in which the estate might be involved, might often be unable to have the pleadings so framed, according to legal rules, as to do full justice to the estate. Neither the language nor the province of this statute can be extended beyond this object.

By the common law, the judgment against an executor or administrator was " to be levied of the goods and chattels of the deceased, if the defendant have so much; but if not, then the costs out of the defendant's own goods." 2 Willm. on Ex'rs, 125 (1st Am. edit.). But a material alteration was made by the 111th section of Hutch. Code, p. 670, which, after providing that executors and administrators may sue and be sued, enacts, that " they shall be entitled to, or be answerable for costs in the same manner that the defendant would have been; and they shall be allowed for the same in their accounts, provided the court awarding costs against them shall certify that there were probable grounds for instituting, prosecuting, or defending the action on which a judgment or decree shall have been rendered," &c.

This portion of the statute does not appear to have been considered in the cases above referred to, but its provisions are

Williamson and Blair *v.* Childress.

plain. 1st. It provides that the executor, &c., "shall be answerable for costs in the same manner as the deceased would have been," and inasmuch as the deceased would have been liable out of his own property, so the executor or administrator must be liable out of his individual property. This language is not consistent with the idea that the costs are to be levied of the property of the estate. It clearly intends that executors and administrators shall carry on litigation on their personal responsibility, in the first instance. 2d. It provides that allowance shall be made for the costs so paid, "provided the court awarding costs against them shall certify that there were probable grounds," &c. Thus the mode of reimbursement is supplied, from which it is manifest, that when the terms upon which the costs are to be allowed to the executor or administrator are not complied with, the money is not to be reimbursed out of the estate.

By these provisions, it was obviously the intention of the legislature, in giving the right to executors, &c., to prosecute and defend suits, to guard against the abuse of the power, and to protect the estate against the effects of improvident litigation; and certainly nothing could better promote this salutary object than the provision that executors and administrators should, in entering into litigation, take the peril of having the expense to fall upon themselves. This is a rule of justice and safety to estates, which cannot work injury to faithful administrators.

We think it manifest, therefore, that the judgment in this case was properly rendered against the administrator for the costs to be levied *de bonis propriis;* and the motion is overruled.