## C. H. CAMPBELL, ADMR., ETC. *v.* J. M. DOYLE.

1. ESTATES OF DECEDENTS. *Appeal. Cost bond. Supersedeas.*
   An executor or administrator is, under Code 1871, § 1183, relieved from giving a bond for *supersedeas*, but must, in order to appeal to the Supreme Court from a decision affecting the estate which he represents, give an appeal bond for the costs.

2. SAME. *Supersedeas. Effect of cost bond.*
   When he has given the appeal bond for costs, the executor or administrator has the right to a *supersedeas* of the execution of the judgment or decree appealed from, so far as it affects the estate.

3. SAME. *Executor and administrator. Liability for costs.*
   Under Code 1871, § 1176, judgment for costs *de bonis propriis* may be rendered against an executor or administrator, either in the Supreme or inferior court in a suit against the estate. *Williamson* v. *Childress*, 26 Miss. 328; *Taylor* v. *Webb*, 56 Miss. 631, cited.

4. SAME. *Judgment for costs. Certificate of probable cause.*
   Code 1871, § 1190, as to the court's certificate of probable cause, applies only to suits in which the executor or administrator is unsuccessful, and relieves him from personal liability only for costs recovered by the adverse party.

5. SAME. *Costs incurred by executor or administrator.*
   The executor or administrator is liable for the costs which he incurs, as, for instance, his process and witness fees, and the price of a transcript made out for his appeal, without regard to probable cause for bringing or defending the suit, or his success therein.

6. SAME. *Chancery jurisdiction. Administrator's bill to recover land.*
   If the estate has not been declared insolvent, the administrator cannot maintain a bill in equity to which the heirs are not parties, to recover land of his intestate, on the allegation that the assets are insufficient to pay the debts.

APPEAL from the Chancery Court of Montgomery County. Hon. R. W. WILLIAMSON, Chancellor.

*J. M. Ellis,* for the appellant.

The personal estate being insufficient to pay the debts, land must be sold, under Code 1871, § 1148; and the bill by the administrator to vest the title in himself, relieve it of clouds, and so prepare for the sale that the best price may be obtained, is proper and within the recognized jurisdiction of the Chancery Court. *Bowers* v. *Williams*, 34 Miss. 324. Code

1871, § 1111, provides that the administrator, so far as necessary to execute his duties, has the right to the possession of the real estate. The heir may waive his rights in the land. *Crowder* v. *Shackelford*, 35 Miss. 321. A declaration of insolvency is not essential. *Norcum* v. *Lum*, 33 Miss. 299. In *Blake* v. *Blake*, 53 Miss. 182, the court proceeded on the idea that the land had never belonged to the intestate. This case comes within the exceptions stated in *McCaa* v. *Russom*, 52 Miss. 639.

*Sweatman & Trotter*, for the appellee.

The administrator could not bring this suit before a decree of insolvency, an order for sale of the land, or a judicial ascertainment that any debts were due. *Williams* v. *Stratton*, 10 S. & M. 418; *Norcum* v. *Lum*, 33 Miss. 299; *McCaa* v. *Russom*, 52 Miss. 639; *Blake* v. *Blake*, 53 Miss. 182. As yet, the title is in the heir, and can be divested only by petition under the statute. *Hargrove* v. *Baskin*, 50 Miss. 194. There is no allegation that the possession of this land is necessary for the purpose of executing a will, under Code 1871, § 1111. The court clearly has no jurisdiction of the bill.

GEORGE, C. J., delivered the opinion of the court.

The bill in this case was filed by an administrator to recover land, which he alleged belonged to his intestate. His right to do so, as stated in the bill, is based upon the ground that the assets of the estate are insufficient to pay the debts ; but it is not shown that the estate has been declared insolvent, nor are the heirs of the intestate made parties. The demurrer to the bill was therefore properly sustained. From this order the administrator appealed to this court without giving bond for costs, as required by the statute. Code 1871, §§ 1251, 1252.

The decisions are uniform, from a very early date, that the provisions of the statute requiring appeal bonds were conditions precedent and necessary to be performed before an appeal could be properly granted. There is no exception in the statute expressly relieving executors and administrators from the duty of giving appeal bonds. Such exemption as they have enjoyed on this subject has resulted from a statutory provision, which has existed in this State from a very early period and is

incorporated in § 1183 of the present Code, declaring that executors and administrators " shall not be chargeable beyond the amount of the assets of the testator or intestate, by reason of any mistake or omission, or false pleading." This statute has been construed to relieve them from the necessity of giving *supersedeas* bonds, when they have appealed, or sued out writs of error, because, if such bonds were required, these trustees would be made to assume a personal liability for the debts of their decedents, in contravention of the provisions of the statute above quoted. But this exception in their favor has not been carried beyond the necessity which gave rise to it, and has not, therefore, been extended so as to exempt them from the obligation to give appeal bonds, where there has been a personal liability on their part. Thus in *Wade* v. *American Colonization Society*, 4 S. & M. 670, the court said : " An executor is entitled to an appeal without surety where the' judgment or decree is to affect only the assets of the decedents in his hands, because the appeal bond would bind him personally, and tend to render him liable beyond the assets. But when an executor is in a situation in which a personal judgment or decree can be rendered against him, and in which he may be responsible out of his own funds, then there is no more reason to allow him an appeal without surety than to allow it to any other person." And in *Hunter* v. *Thurmon*, 25 Miss. 463, the court said : " The rule as settled in this court relieves executors and administrators from the necessity of giving bond, as required by the general statute, only in cases where they would not be personally responsible for even the costs of the appeal ; " citing *Wade* v. *American Colonization Society*, *ubi supra*. It is thus seen that, if an executor or administrator is liable for costs in the court below or in this court, he is not exempt from giving an appeal bond so far as to cover the costs.

In *Scott* v. *Searles*, 1 S. & M. 590, the High Court of Errors and Appeals decided that an executor or administrator was not liable for costs in suits prosecuted or defended by him. This decision was made under a misapprehension of the statutes on that subject, and the court in the subsequent case of *Williamson* v. *Childress*, 26 Miss. 328, overruled that case, and held

that the statute then existing, and re-enacted in § 1176 of the present Code, justified a judgment *de bonis propriis* against an executor or administrator for costs in the inferior courts, as well as in this court. To the same effect is *Taylor* v. *Webb,* 56 Miss. 631. Nor does Code 1871, § 1190, relieve them from this personal liability for costs. This section provides that, " when costs are adjudged against an executor or administrator in any suit of law or in equity, and he shall obtain the certificate of the court before which the suit was tried, that there was probable cause for bringing or defending the same, he shall not be individually liable for costs, although the estate may be insufficient to pay them." This section relieves the executor or administrator from only a part of the costs of a suit, viz., those adjudged against him, and that only on a condition which may never happen. It applies only to costs in suits in which the executor or administrator shall be unsuccessful ; for it would be absurd to require a certificate of probable cause, when the judgment or decree was in his favor on the merits ; and it applies also, only to so much of the costs in an unsuccessful litigation as shall be recovered against him by the adverse party. This section leaves an executor or administrator personally liable for all costs incurred by him, or expended by him,—such as service of process issued at his instance, and fees of the witnesses summoned by him, the cost of a transcript of a record required on an appeal taken or writ of error sued out by him, — whether the litigation be successful or not, and whether there was probable cause or not for prosecuting or defending the suit.

This construction is in accordance with the plain meaning of the statute, and subserves also a public policy well expressed in the following extract from the opinion of the High Court of Errors and Appeals in the case *Williamson* v. *Childress, ubi supra.* The court, referring to the statutes before quoted, says : " By these provisions, it was obviously the intention of the legislature, in giving the right to executors, &c., to prosecute and defend suits, to guard against the abuse of the power, and to protect the estate against the effects of improvident litigation ; and certainly nothing could better promote this salutary object than the provision that executors and administrators should, in

entering into litigation, take the peril of having the expense to fall on themselves. This is a rule of justice and safety to estates which cannot work injury to faithful administrators."

We conclude, therefore, that an administrator or executor cannot appeal without giving an appeal bond for the costs. When this is done, he has a right to a *supersedeas* of the execution of the judgment or decree appealed from, so far as it affects the estate which he represents.

*Appeal dismissed.*