## JAMES ROACH v. W. B. JELKS, Guardian.

1. GUARDIAN AND WARD: GUARDIAN'S ACCOUNTS.—It is proper that a guardian's accounts should show the sums of money received on account of the capital estate of the ward.

2. GUARDIAN AND WARD: GUARDIAN'S LIABILITY FOR INTEREST.—The guardian, for no reported balance of money in his hands, whether consisting of principal estate of his ward or income, shall be chargeable with interest, unless he has consented to take the same at interest, or has been ordered to invest it at interest, or has employed it by lending it out at interest, or has used it in his own business, or has in any way made a profit out of it. *Reynolds* v. *Walker*, 29 Miss. R. 250.

3. GUARDIAN AND WARD: ANNUAL ACCOUNTS PRIMA FACIE CORRECT.—Annual accounts of a guardian, duly approved by the court, are *primâ facie* correct, and form the basis of the final account, by a transfer of the balances stated in them, in the mode pointed out by the statute.

4. GUARDIAN AND WARD : COMPENSATION OF GUARDIAN.—The allowance of compensation to the guardian is a matter belonging to the discretion of the probate judge, and the exercise of it will not be disturbed, except in a case clearly wrong.

Appeal from Probate Court of Hinds county. Hon. R. N. Hall, judge.

*A. L. Dabney*, for appellant, contended,

1. That the guardian should not be charged with interest. *Reynolds* v. *Walker*, 29 Miss. 290.

2. That the principle on which the court acted in expunging the balances from the accounts, is not prescribed by the statute, Rev. Code, 462, article 150, and would, in many cases, render guardianships impracticable. The court below proceeded on the idea that each year's income, whether in hand or not, must meet each year's expenses of th▪ ▪ard. This would condemn the wards, in many cases, to starvation.

3. That the compensation allowed the guardian, was clearly inadequate. The guardianship had continued for fourteen years, and the property of the ward consisted almost exclusively of slaves, hired out from year to year, and their hire accounted for, without one solitary deduction on account of insufficient security or failure to collect the amount.

*S. M. Shelton*, for appellee, filed an elaborate brief, too lengthy for insertion.

ELLETT, J., delivered the opinion of the court.

The counsel for the appellant invites our attention to a single point arising upon this record. Roach, the appellant, was guardian of Catharine C., Robert E., John C., and Lawson H. Jelks, minors. In his annual account of John C. Jelks, at January Term, 1853, he charged himself as follows: "This amount received of F. J. Kelly, administrator of F. A. Jelks deceased, in the division of the personal estate of said deceased, as per reference of the division of said estate, $75.35." In his accounts filed at February Term, 1854, he charges himself with the sum of $175, received from the administrator for the share of each of his four wards in the proceeds of land sold. On the settlement of the final account of the guardian, in 1866, the court, on exceptions, ordered all these items to be struck out of the annual accounts, and charged the guardian with the same sums in the final account, with interest from the dates when they respectively came to his hands. This action of the court is complained of as erroneous.

The question what ought to be contained in the annual accounts of a guardian, and under what circumstances he will be charged with interest on money in his hands, has been frequently before this court, and the decisions have not been uniform.    The previous cases were, however, carefully reviewed in *Reynolds* v. *Walker*, 29 Miss. 250, and a conclusion arrived at, after mature consideration, from which we would not feel at liberty to depart, even if not entirely satisfied of its correctness. Referring to the language of the statute then in force, which is the same in substance with the provision of the Rev. Code on the same subject, to wit, that "every account of a guardian shall state his expenditures in maintaining and educating his ward, not exceeding the income of the estate, unless allowed by the court; and for no balance of money in his hands shall he be charged interest, unless he consent to take the same on interest; but the court may direct him to place the same at interest, taking bond to the orphan, with security approved by the court," the court says: "When money of a ward is received into the hands of his guardian, he has, to the extent of the sum thus received, become the debtor to his ward.    There is no conceivable method in which a guardian thus situated, in rendering his guardianship account, would not appear the debtor of the ward for the sum thus received, standing on the account as a balance against him.    It cannot be doubted, therefore, that in any sense in which the term 'balance' is used in reference to an amount stated, it would properly express the amount due by the guardian on his account, whether such amount was composed of money received as a part of the estate of the ward, or as the income of his property.    The terms 'no reported balance of money in his hands,' therefore, refer necessarily to any reported balance, whether consisting of principal estate, or of income, unless there is something which plainly shows that the legislature had reference exclusively to the reported balance of the annual income or product of the estate.    We think there is nothing which indicates such an intention, but the contrary."    The opinion discusses the subject in the same light, at considerable length, but the extract given will suffice to show that it is now the

settled doctrine of this court, that sums of money received on account of the capital of the ward's estate, are a proper subject of charge in the annual accounts of the guardian, and that, upon money thus reported to the court, no interest can be charged against the guardian, unless he has consented to take the same on interest, or has been ordered to invest it at interest, or unless, as subsequently stated in the opinion, the guardian has employed the money of the ward by lending it out at interest, or has used it in his own business, or has in any way made a profit out of it.

It was therefore erroneous for the Probate Court to strike the charges of the sums above stated, from the annual accounts of the guardian, and to transfer these sums to the final account; and it was also erroneous to charge the guardian with interest upon them, there being no showing that the guardian consented to take the money at interest, or that he was ordered to invest it, or that he has employed it for his own profit. The partial accounts, having been duly approved by the court, were *primâ facie* correct, and could only be assailed by proof that they were wrong. Any errors thus shown to exist in them being corrected, they formed the basis of the final account, by transferring the balances in the mode pointed out by the statute.

Some objection is made to the sufficiency of the allowance of compensation to the guardian. The amount allowed, three and a half per cent. on these small estates, appears to be very inadequate indeed, but the subject is one belonging very much to the discretion of the probate judge, with the exercise of which we would be reluctant to interfere, unless in a strong case. There is no proof in the record that would justify us to do so in the present case.

For the errors above stated, the decrees of the Probate Court appealed from, will be reversed, and the cause remanded, to be proceeded in according to this opinion.