W. H. Fitz-Gerald, Administrator, v. Martha J. Bailey.

Guardian and Ward. *Money invested in Confederate bonds. Accountability for interest.*
Where a guardian, in pursuance of an order of the Probate Court, made in 1863, under an act of the Legislature approved August 2, 1861, invested his ward's money in Confederate bonds, though such order was a nullity, and the guardian is chargeable with the money thus invested and lost, he cannot be made to pay interest on the same so long as his ward remained a minor and his guardianship continued; but if, upon the ward attaining majority, the guardian failed to account for the money so invested, he thereafter became chargeable with. legal interest on the amount thereof.

Appeal from the Chancery Court of Tallahatchie County. Hon. J. B. Morgan, Chancellor.

In pursuance of an order of the Probate Court, made in July, 1863, under an act of the Legislature approved August 2, 1861, George G. Harvey, as guardian of Martha J. Bradford, invested his ward's money in Confederate bonds. In 1866, Harvey died, and W. H. Fitz-Gerald was appointed administrator of his estate. In March, 1871, Martha J. Bradford attained her majority, and in 1872 was married to Pryor L. Bailey. In 1874, she and her husband filed a bill in chancery to compel Fitz-Gerald, as administrator of Harvey's estate, to account for the money invested in Confederate bonds. This court held, in 56 Miss. 578, that the order of the Probate Court directing the investment in Confederate bonds was a nullity, and that the administrator of the deceased guardian was chargeable with the money thus invested and lost. The case was remanded to the Chancery Court, and Fitz-Gerald, as administrator, filed his final account of the guardianship of Martha J. Bradford, now Bailey. He did not charge his intestate with interest on the money invested in Confederate bonds, and upon exceptions filed for Martha J. Bailey, the matter was referred to a master to restate the account, with directions to charge the guardian's estate with interest at six per cent per annum on the money invested in Confederate bonds, from the date of his last annual account showing the

same to be in his hands to the date of the order of reference, October 1, 1880. The account was accordingly stated and reported, and the report was confirmed by the court. A decree was rendered charging Fitz-Gerald, as administrator, with the amount reported by the master as due, and from that decree Fitz-Gerald appealed.

*W. B. Marshall*, for the appellant.

A guardian is chargeable with interest on his ward's money only in the following classes of cases : First, where he consents to take the money or retain it and pay interest ; second, where he has loaned it out without the sanction or permission of the court ; third, where he has used it in his own business ; fourth, where he has in any manner made profit out of it, and so where he has failed to account for the profits and income of the estate, and thereby prevented a profitable investment of such profits or income. *Reynolds* v. *Walker*, 29 Miss. 250 ; *Hendricks* v. *Huddleston*, 5 Smed. & M. 422 ; *Austin* v. *Lamar*, 23 Miss. 189 ; *Roach* v. *Jelks*, 40 Miss. 754 ; *Crump* v. *Gerock*, 40 Miss. 765 ; *Coffin* v. *Bramlett*, 42 Miss. 194 ; 33 Miss. 553.

*W. S. Eskridge*, for the appellee.

The attention of this court is directed to art. 148, p. 462, of the Code of 1857, which directs that the powers and duties of the guardian shall terminate when the ward attains the age of twenty-one years, or marries. Tested by this rule, the appellant should be charged with interest on the balance due the appellee from the first day of March, 1871, when she arrived at the age of majority.

But we maintain that the appellant is liable for interest on account of his intestate, upon the principle that the intestate held this balance as trustee for the benefit of his ward, the appellee. *Garland* v. *Norman*, 50 Miss. 238 ; *Eustice* v. *Holmes*, 52 Miss. 308.

CHALMERS, C. J., delivered the opinion of the court.

The order of the Probate Court directing the investment of

the ward's money in Confederate bonds was a nullity, as we held when this case was heretofore before us.    56 Miss. 578. The money is therefore to be regarded as remaining continuously thereafter in the guardian's hands, and as still there.    It was neither taken by him at interest, nor loaned out, nor mingled with his own, nor used by him.    Under these circumstances he was not liable for interest upon it so long as he remained guardian, or so long as his ward remained a minor. *Reynolds* v. *Walker*, 29 Miss. 262 ; *Roach* v. *Jelks*, 40 Miss. 756 ; *Crump* v. *Gerock*, 40 Miss. 768.    But his ward became of age in 1871, and it at once became his duty to settle with her and pay over this money to her, and he will be liable for interest from that date.    Code 1857, p. 462, sect. 148 ; *Garland* v. *Norman*, 50 Miss. 238.

Reversed and remanded, for decree in accordance with this opinion.