[S. F. No. 8781.   Department Two.—January 24, 1919.]

In the Matter of the Guardianship of the Person and Estate of ELENORA MORHOFF, a Minor. WILLIAM C. MORHOFF, Appellant; JULIA FARRELL, Guardian, etc., Respondent.

Guardianship of Minor—Formal Notice of Proceeding—Unnecessary Jurisdictional Prerequisite.—In a proceeding for the appointment of a general guardian for the person and estate of a minor the statute does not contemplate that formal notice of the proceeding be given to the parents.

Id.—Appointment of Aunt—Express Consent of Father—Refusal to Set Aside Order—Discretion not Abused.—It is not an abuse of discretion to refuse to revoke an order appointing an aunt of a minor the guardian of her person and estate, where such application is made by the father and it is shown that he gave express consent to the guardianship of both her person and estate.

Id.—Leaving of Minor in Custody of Grandparent—Right of Father.—The mere fact that the father of a minor upon the death of her mother left the child in the custody of her grandmother would not detract from his right subsequently to take her into his care and custody if he were a proper person for such parental control.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to set aside an order appointing a guardian. Thomas F. Graham, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. M. Anthony, for Appellant.

Sullivan & Sullivan and Theo. J. Roche, for Respondent.

MELVIN, J.—William C. Morhoff, father of a minor child, Elenora Morhoff, appeals from an order denying his motion to set aside an order previously made appointing Julia Farrell, an aunt of said Elenora, guardian of the minor's person and estate. The grounds of the motion were lack of necessity for a guardian; fraud in procuring the appointment of Mrs. Farrell; that the father was entitled to be heard on

the necessity for the appointment of a guardian; and that the order was taken through the mistake, inadvertence, surprise and excusable neglect of the father.

The facts, in brief, are as follows: Appellant is in the United States Navy. He and Nora H. Brosnan intermarried in 1905. To them two children were born, one a boy, since deceased, the other the daughter, Elenora. Mrs. Morhoff was in ill health and lived at the home of her mother in San Francisco, where her little girl was born in 1908. Mr. Morhoff was absent much of the time in pursuit of his calling. Mrs. Morhoff died in 1909, and thereafter the child lived with the grandmother, Mrs. Brosnan. This was with the father's full consent. Mrs. Brosnan died in the final week of 1916, leaving property, to one-third of which the little girl Elenora is entitled as an heir at law. Subsequently, Julia Farrell, the child's aunt, applied for letters of guardianship, averring in her petition, among other things, that Mr. Morhoff was a resident of Portland, Oregon, and that he had acquiesced in the appointment of Mrs. Farrell as guardian of said minor. Cornelius Brosnan, an uncle of the minor, residing in San Francisco, formally consented to the appointment of the petitioner.

At the hearing of this petition, and the later proceeding upon motion to set aside the order appointing a guardian, there was exhibited a letter written by Mr. Morhoff from Portland, Oregon, to Mr. Brosnan in San Francisco, expressing the writer's gratitude to his brother-in-law and sister-in-law for their wishes in reference to the division of their mother's property with their niece and containing the following language:

"Now Con in regards to a Guardian being appointed to look after Elenora's share whatever it may be either you or Julia is satisfactory to me. Let me suggest that as neither Julia or you has had much experience in money matters that you will both confer with John in whom I have absolute confidence and who could put the money out to the best advantage. You will find me always ready and willing to sign anything you may both wish as I am for all of your good and don't want a cent."

An order appointing Mrs. Farrell guardian of the child's person and estate was made February 5, 1917, and on the 20th of the same month the guardian's attorneys wrote to Mr. Mor-

hoff, at their client's request, acquainting him with the details of the order appointing the guardian. In the month of May following he made the unsuccessful motion resulting in the order which is the basis of this appeal.

It is now argued that the letter, from which we have quoted above, was only a consent to the appointment of a guardian of the *estate* of the minor, but there was testimony from John Farrell that the communication was written as a result of an understanding between him and Mr. Morhoff that "there would have to be a guardian appointed over Elenora to look after *her and her interests.*" We think that, under all the circumstances, the court was justified in believing that the writer intended to give his sanction to a general guardianship of his child's aunt over the little girl.

It is argued that Mr. Morhoff was entitled to formal notice of the proceeding for appointment of a general guardian. The statute does not contemplate such notice as a jurisdictional prerequisite to the court's action. (Code Civ. Proc., sec. 1747.)

William Morhoff had married a second time, in 1911, and has resided with his wife at Portland, Oregon, for some years. From the time of her birth to the death of her grandmother he had consented to Elenora's residence with Mrs. Brosnan. He had contributed some amounts to her support, and testified that he was always ready and willing to give more, but was told by her grandmother and other members of the family that they needed no help in the care of the child. Of course, the mere fact that he left the little girl in the custody of her grandparent would not detract from his right subsequently to take her into his care and custody if he were a proper person for such parental control. He insists that he is qualified in every way to perform his duties as a parent and that, in the absence of a showing of abandonment of his daughter or that he is otherwise an improper person to have the custody of her, the court abused its discretion in refusing to set aside the order appointing Mrs. Farrell, citing, in this behalf, such cases as *Guardianship of Moore, ante,* p. 302, [176 Pac. 461], *Guardianship of Wise, ante,* p. 432, [177 Pac. 277], and the authorities upon which those decisions rest. Those cases differed radically in their facts from the matter at bar. In none of them had there been express consent to the guardianship.

Under the circumstances revealed by this record, we do not believe that the court committed any abuse of discretion in refusing to revoke or set aside the order appointing Mrs. Farrell guardian of the person and estate of her minor niece. The order is affirmed.

Lennon, J., and Wilbur, J., concurred.