## CONNER *v*. POLK.

(Division A. March 30, 1931. Suggestion of Error Overruled May 4, 1931.)

[133. So. 604. No. 28267.]

**Hall & Hall,** of Columbia, for appellant.

**Powell, Harper & Jiggitts,** of Jackson, for appellant.

**Rawls & Hathorn,** of Columbia, for appellee.

Argued orally by **Lee Hall**, for appellant, and by **C. V. Hathorn**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

Several years ago the appellant was appointed guardian of the estate of the appellee's minor son; she then waiving her right to the appointment, but retaining the custody of her son. The boy is not yet fourteen years old. The appellee filed a petition requesting the removal of appellant as guardian of her son, and the appointment of herself in his stead. The petition charged mismanagement by the appellant of the ward's estate, and evidence in support thereof was introduced. The court declined to pass upon this evidence, but held that the evidence

discloses that the reason which caused the appellee to waive her right to the guardianship of her son had disappeared, and that she should now be appointed as his guardian. The decree removes the appellant as guardian of the minor; appoints the appellee as such; directs the appellant to file a final account of his guardianship; to turn over the minor's estate to the appellee when she qualifies as guardian thereof; and provides that her receipt therefor shall "constitute a full acquittance and release to the said guardian and the surety on his guardian's bond for all items of cash delivered to said guardian, but as to all amounts due said minor's estate as evidenced by notes, deeds of trust or securities, other than cash on hand, the guardian, C. E. Conner and the surety on his bond, shall not be released and acquitted therefor until such time as the same shall have been paid, or shall have been put into such secured form as may hereafterwards be approved by the court or until the court shall relieve said guardian and surety."

Section 1872, Code 1930, provides that "the court by which a guardian was appointed, may, for sufficient cause, remove him after having him cited to appear;" and section 1873 thereof provides that, "whenever a guardian . . . is removed, the court may appoint another." The statute does not designate the causes for the removal of a guardian, but leaves that to the sound discretion of the chancellor, which discretion should not be interfered with by this court, unless it has been manifestly abused.

The union of the guardianship of the person and of the estate of the minor is always desirable, particularly so when the person in whom the two guardianships united is the minor's parent. The statute prefers blood relatives of the minor to strangers; and a stranger may be removed as guardian in order that a blood relative of the minor may be appointed. Spaun v. Collins, 10 Smedes & M. 624. In that case, the blood relative, an uncle, had

not waived his right to the appointment, but such a waiver does not forever bar the blood relative from being thereafter appointed when, in the opinion of the chancellor, his appointment is desirable. Here the mother is shown to be a person suitable for the trust, and the advantages flowing from the union of the guardianship of the estate with that of the person are generally such that it cannot be said that the removal of the appellant and the appointment of the appellee was an abuse of discretion.

Counsel for the appellee rely on 28 C. J. 1082, section 53, where it is said that: "Where a person having a prior right to be appointed guardian procures or consents to the appointment of another, he waives his right and cannot claim letters for himself to the exclusion of the person so appointed." This text is based upon the holdings in three cases. In re Morhoff's Estate, 179 Cal. 595, 178 Pac. 294; Lefever v. Lefever, 6 Md. 472; Kahn v. Israelson, 62 Tex. 221. In the first two of these cases, the courts simply held the trial court had abused its discretion in refusing to remove the guardian and appoint another who, under the statute, had a prior right to the appointment. In the third case, this court held that the statute expressly provided the grounds for the removal of a guardian, and thereby excluded any other. We are not here holding that the appellee has an absolute right to the removal of the appellant and the appointment of herself, but simply that the matter rests in the sound discretion of the chancellor. But it is said by counsel for the appellant that the petition alleges that he is unfit for the discharge of the trust, prays for his removal on that ground, and, consequently, the court below should not have removed him, unless the allegations of his unfitness were sustained. The petition alleges that the appellee is the minor's mother, prays for the removal of the appellant as his guardian, and for the appointment of the appellee in his stead. This is

sufficient to support a decree without the allegations of the appellant's unfitness, which may be treated as surplusage.

Complaint is made of that portion of the decree hereinbefore quoted which provides that the appellant and his sureties shall not be released from liability on account of appellant's guardianship until the loans of his ward's money made by him "shall have been paid, or shall have been put in such secure form as may be hereafterwards approved by the court, or until the court shall relieve said guardian and surety." This provision of the decree adds nothing to the appellant's and his surety's liability, which liability will cease when his final account is filed and approved. Should any loss accrue to the ward's estate after the appellant has turned it over to the appellee, caused not by any dereliction of duty on his part but on the part of the appellee, she, and not the appellant, will be responsible therefor.

Affirmed.