## ERICKSON v. McCULLOUGH, et al.

No. 5799.   Decided January 4, 1937.   (63 P. [2d] 595.)

*J. J. Whitaker* and *Willard Hanson*, both of Salt Lake City, for appellant.

*McCullough & Callister*, of Salt Lake City, for respondents.

MOFFAT, Justice.

The complaint alleges that John Marvin Erickson is a minor, N. H. Tanner is his guardian ad litem for the purpose of bringing the action against the defendants. McCullough & Callister are attorneys. Gwendolyn Erickson is the mother of the plaintiff minor. She was not served with summons, and did not appear.

In May, 1933, the plaintiff, minor, was injured through charged negligence on the part of the Arctic Ice Company. McCullough & Callister, attorneys, were employed by the mother, who was appointed guardian ad litem, and a suit was brought. In December, 1933, a compromise settlement was made with the Arctic Ice Company. Certain costs and expenses were paid and the attorneys claimed approximately 50 per cent of the amount received in settlement as attorneys' fees.

A petition for letters of guardianship for the person and estate of John Marvin Erickson, the minor, was prepared and caused to be filed in the district court of the Third judicial district, in and for Salt Lake county. The petition was filed on or about the 9th day of December, 1933.

In that petition it was alleged that Gwendolyn Erickson was the mother of the minor; that the father of the plaintiff minor, did not reside in Salt Lake county; that one, Anna Brown McDulin, an aunt, resided in Salt Lake county, the address being set out in the petition. A copy of the petition is attached to and made a part of the complaint. The plaintiff in the instant case, by his guardian ad litem N. H. Tanner, then further alleges:

"That no notice of said petition or the hearing thereof, was given to the said Anna Brown McDulin or to any other person or at all and that no notice of any kind or nature was ever served or attempted to be served upon the said Anna Brown McDulin, or at all, and no notice of any kind or nature was given that any such hearing would be had, and the said Anna Brown McDulin did not know of the filing of said petition, and did not know that a hearing of the same would be had; That no person except the defendants had any notice whatever that any application had been made for the appointment of said Gwendolyn Erickson as guardian of the person and estate of said plaintiff, minor, and no attempt whatever was made to give any notice of the hearing of said petition; but notwithstanding the same and on the 9th day of December, A. D. 1933, the same day said petition was filed, said petition was heard by one of the Judges of the District Court of Salt Lake County, and the said defendant, Gwendolyn Erickson, was by said judge appointed guardian of the person and estate of said plaintiff minor.

"Plaintiff further alleges that the said pretended appointment of the said Gwendolyn Erickson was void and of no effect; that the court had no jurisdiction nor authority to appoint the said Gwendolyn Erickson as guardian of the person and estate of said plaintiff minor; that she had no right to act or pretend to act as the guardian of the person and estate of the said plaintiff, minor, all of which all of said defendants well knew, but that notwithstanding the same the said attorneys prepared a petition for and on behalf of the said defendant, Gwendolyn Erickson, as said guardian, which petition prayed that the said Gwendolyn Erickson be permitted to pay out of the estate of said plaintiff, minor, to said attorneys the sum of $3708.00,

as attorneys fees, and said attorneys caused said petition to be filed in the District Court of Salt Lake County, on or about the 30th day of December, A. D. 1933, all of which will be more fully shown by reference to said petition. * * *

"Plaintiff further alleges that the said petition for allowance of attorneys' fees was heard by one of the judges of the above entitled court on the 30th day of December, A. D. 1933; that no notice thereof was given to any person or persons whomsoever, that no testimony was offered or introduced relative to the value of the services so rendered by said attorneys aforesaid; and that without hearing any evidence or testimony whatsoever relative to the value of said services and without any authority whatsoever, the said District Court, on said last mentioned date made an order to the effect that the said attorneys be allowed the sum of $3708.00 attorneys' fees from the estate of the said plaintiff, minor, as will be more fully shown by reference to said order, a copy of which is hereto annexed, and made part of the complaint.

"Plaintiff further alleges that no person with authority to represent said plaintiff, minor, had entered into any contract or agreement with said Attorneys for the fee or compensation that should be allowed them for their services, and the said Gwendolyn Erickson, had no authority whatsoever to make any such contract, if she attempted, and had no authority whatsoever to petition the court, if she did so petition, that said Attorneys be allowed said $3708.00 or any other sum; that the amount claimed by said Attorneys was excessive, illegal, inequitable and unconscionable; all of which said defendants well knew."

The order of the court appointing the mother guardian is made a part of the complaint as are the petitions for allowance of attorneys' fees and for support of the minor and the order granting the petition as follows:

"Petition for the letters of guardianship comes now on to be heard without notice, an order having been heretofore made, that no notice be required. Gwendolyn Erickson is sworn and examined upon verified petition filed herein, the Court now being sufficiently advised, letters of guardianship to issue to her upon giving a bond in the sum of $7,000.00 and upon taking the necessary oath."

"Gwendolyn Erickson, the guardian of the person and estate of John Marvin Erickson, a minor, respectfully represents:

"That said minor has sufficient estate to assist in his maintenance and education; that your petitioner, his mother, is unable financially to expend the sums required to maintain and educate minor in a suit-

able manner; that because of the physical injuries which said minor child received, as more particularly set forth in your petitioner's petition for letters of guardianship, it is necessary that said minor child receive the best possible care. That your petitioner respectfully represents that it is necessary that she receive from said minor's estate a sum of not less than $35.00 per month for the support, maintenance and care of said minor child.

"That according to the contract which your petitioner made with McCullough & Callister, attorneys at law, for legal services rendered in the prosecution of a claim for damages against the Arctic Ice Company, for and on behalf of said minor child, your petitioner, as guardian aforesaid is obligated to pay said McCullough & Callister the sum of $3708.00.

"Wherefore, petitioner asks an order of this court authorizing her to expend said sum of $35.00 per month for the support, maintenance and care of said minor child, and the sum of $3708.00 to McCullough & Callister, attorneys at law, for attorney's fees.

It appearing that John Marvin Erickson, minor, has sufficient estate to maintain and educate him and that his mother, Gwendolyn Erickson, is unable to discharge this expense out of her own income, and it further appearing that the estate of said minor is owing McCullough & Callister, attorneys at law, for legal services in the sum of $3708.00.

"It is hereby ordered that Gwendolyn Erickson, the guardian of the person and estate of said John Marvin Erickson, be and she is hereby authorized to expend the sum of $35.00 per month out of said estate, beginning with the 1st of July, 1933, for the purpose of maintaining and educating said minor child, and said guardian is further authorized to expend the sum of $3708.00 for attorneys' fees, to be paid to McCullough & Callister for legal services rendered said minor child."

Plaintiff prays judgment that the appointment of Gwendolyn Erickson as guardian of the person and estate of John Marvin Erickson be set aside and held for naught; that the allowance of attorney's fees be canceled; and that plaintiff in the instant case have judgment against the defendants for the amount of the attorneys' fees received or allowed, and for general relief.

The defendants interposed demurrers both general and special. The general demurrers are upon the grounds that the complaint does not state facts sufficient to constitute a

cause of action, that the court has not jurisdiction of the subject of the action, a defect and misjoinder of party plaintiff, and want of legal capacity. There are several specified grounds of special demurrer. If the ruling of the trial court is proper sustaining the demurrer for want of a statement of sufficient facts, the rulings upon the other general grounds and the special grounds call for no discussion, for the reason as contended by appellant the appointment of Gwendolyn Erickson as guardian of the person and estate of John Marvin Erickson, minor, was illegal and void because no formal or other notice of the hearing on the petition for letters of guardianship was given to the aunt of said minor, namely, Anna Brown McDulin, who at the time of filing said petition was a resident and known to be a resident of Salt Lake county, Utah.

Parts of the complaint relate to the history, of the alleged injury of the minor, the appointment of the guardian ad litem for the purpose of bringing an action to recover for alleged negligently inflicted injuries, the settlement and receipt of compensation for the claim, the attorneys' fees claimed and by order of the court paid. It is not necessary to set these allegations out fully.

The vital issue is thus centered upon the question of the jurisdiction of the court appointing Gwendolyn Erickson guardian of the person and estate of said minor. The legality of the appointment depends upon whether the notice given is notice such as is required by the statute, or, under what circumstances, if at all, notice may be waived and still the requirements of the statute be met. Appellant contends that notice to a relative, resident of the county, at the time is required and failure to give such notice is jurisdictional, and such failure to give notice makes a nullity of the entire guardianship proceeding. Section 102-13-12 reads:

"The district court for each county, when it appears necessary or convenient, may appoint guardians for the persons and estates, or either of them, of minors who have no guardian legally appointed by will or deed, and who are inhabitants or residents of the county or

who reside without the state and have estate within the county. Such an appointment may be made on the petition of a relative or other person on behalf of the minor or on the petition of the minor, if fourteen years of age. Before making such appointment the court must cause such notice as it deems reasonable to be given to any person having the care of the minor, and to such relatives of the minor residing in the county as the court may deem proper."

This section was adopted from the California Code of Civil Procedure, § 1747, by the Legislature of 1884, Laws of Utah 1884, p. 451, c. 13, and carried forward by re-enactment and revision without substantial change, section 4305, Comp. Laws Utah 1888; section 3994, R. S. Utah 1898; section 3994, Comp. Laws Utah 1907; section 7809, Comp. Laws Utah 1917; and section 102-13-12, R. S. Utah 1933, as above quoted.

Appellant's complaint, with the exhibits attached and by reference made a part thereof, shows upon its face that the person having the care of the minor was the mother who petitioned for letters of guardianship of the minor. Does the statute, when it says, "Before making such appointment the court must cause *such notice as it deems reasonable to be given to any person having the care of the minor, and to such relatives of the minor residing in the county as the court may deem proper*" (italics added), authorize the court to dispense with notice to relatives of the minor when the person having the legal custody and care of the minor is the petitioner? No question has heretofore arisen requiring this court to construe or apply the Utah statute. The California statute has on several occasions with varying facts and circumstances been before the Supreme Court of California. Bancroft's Probate Practice in discussing that part of the statute last above quoted, in Vol. 4, § 1292, says:

"Under a statute providing for notice to such relatives as the court or judge may deem proper, it is a matter of discretion upon the part of the court to give any notice whatever to relatives, and when notice is given, the selection of those to be notified is left to the court's discretion. The only jurisdictional notice required is one to be given

to the person having custody of the minor and such notice is, of course unnecessary where the person having the care of the minor is applying for appointment."

The quoted text meets squarely the issues here presented and is against appellant's contention. Some of the cases there cited in support of the text are not in point on the facts with the case at bar. For example, in Re *Eikerenkotter's Estate,* 126 Cal. 54, 58 P. 370, the application to set aside the order was too late unless the order was void on its face, and as to that point the court said:

"Here there is nothing in the record to disprove the fact of service of the notice upon the person having the custody of the minor. Lack of jurisdiction must be affirmatively shown by the record."

*In Re Morhoff's Estate,* 179 Cal. 595, 178 P. 294, the father who contested the appointment was a nonresident of the state. *In Re Morehouse,* 176 Cal. 634, 169 P. 365, the mother contested who was a nonresident of the county. The court, however, said that the only jurisdictional notice required is one to be given to the person having the custody of the minor. The case of *In Re Lundberg,* 143 Cal. 402, 77 P. 156, 158, was a case in habeas corpus. The petition was on the part of the mother and only surviving relative of the minor, a female six years of age. The guardian had been appointed upon the petition of a children's aid society, claiming abandonment on the part of the mother and that her residence was unknown. It was contended that the order appointing the guardian was void for the reason that no notice of the proceedings was given to the mother. The court assumed that no notice had been given to her. The court discusses the question as follows:

"So far as the provisions of the statute relative to the appointment of guardians is concerned, it must be conceded, we are satisfied, that notice to a parent of the minor is not in all cases essential to the jurisdiction of the court to appoint a guardian; and this for the simple reason that the statute does not require that such notice must in all cases be given to a parent. Undoubtedly a parent should be noti-

fied, where possible, of proceedings, the effect of which may be to terminate his parental authority; and undoubtedly, where such notice is not required to be given, a parent would be entitled, upon seasonable application, to be heard upon the question as to whether the appointment of another as the guardian of his child, without his knowledge, should not be set aside, that he might be heard upon the question of the necessity of appointing such other as guardian."

The California court refers to section 1747 of the Code of Civil Procedure of California, from which section the Utah section 102-13-12, R. S. Utah 1933, has been carried on by revision and re-enactment as hereinbefore indicated, and says:

"The superior court of each county, when it appears necessary or convenient, may appoint guardians for the persons and estates, or either of them, of minors, who have no guardian legally appointed by will or deed, who are inhabitants or residents of the county, and that such appointment may be made on the petition of a relative or other person on behalf of the minor, if 14 years of age, provides as follows, viz.; 'Before making such appointment, the court must cause such notice as such court deems reasonable to be given to any person having the care of such minor, and to such relatives of the minor residing in the county as the court may deem proper.' Under this provision of the statute, no notice to relatives of the minor residing without the county is essential to the jurisdiction of the court; and it is further settled that, as to relatives residing within the county, it is for the superior court, in its discretion, to determine what relatives shall be notified, and how they shall be notified. In *Asher* v. *Yorba,* 125 Cal. 513, 515, 58 P. 137, it was said by this court that, 'upon a careful reading of the statute, it will be found that it is a matter of discretion upon the part of the court to give any notice whatever to the relatives residing in the county. The statute says the notice is to be given to those relatives of the minor residing in the county, "as the court may deem proper." ' The well-settled law in this regard was stated by the Chief Justice *in Re Chin Mee Ho,* 140 Cal. 263, 266, 73 P. 1002, speaking of this provision of section 1747, Code Civ. Proc., as follows, viz.: 'From this it will be seen that the only persons to be notified are those having the care of the minor, and such relatives residing in the county as the court may deem proper. The relatives to be notified, and the length of notice, are entirely at the discretion of the judge to whom the petition is presented.' The statute does, in terms, require that notice shall be given to the person having the care of the minor, and

such notice, for such time as the court may determine to be reasonable, is necessary to give the court jurisdiction to make the appointment. *In re Estate of Eikerenkotter*, 126 Cal. 54, 58 P. 370."

We are of the opinion that the part of the section of the statute relating to notice requiring that before making such appointment the court must cause such notice as it deems reasonable to be given to any person having the care of the minor means that reasonable notice must be given to any person having custody of the minor, or that notice must be properly waived. We are further of the opinion that when any person having the custody of the minor petitions for the appointment of a guardian, such petitioning is the equivalent of notice. We are further of the opinion that that part of the section providing "and [notice] to such relatives of the minor residing in the county as the court may deem proper" vests in the court the power to select or determine the relatives, if any, to whom notice should be given, and that the failure to give notice to relatives other than those having custody of the minor is not jurisdictional. Clearly a minor may have many relatives, brothers, sisters, uncles, aunts, cousins, second cousins, and so on, making a list so numerous as to make the service of all impracticable and maybe impossible. If notice were required to be served on all such relatives as reside in the county, there would be no certainty as to when the court had acquired jurisdiction.

This disposes of the matter of the jurisdiction of the court in appointing the mother guardian of the minor. The court acquired jurisdiction of the minor and his estate. The general demurrer was properly sustained.

Appellant, however, further submits questions relating to the contract for attorneys' fees and the power of a guardian ad litem to bind the infant. The court having acquired jurisdiction of the person and estate of the minor, these questions become collateral and may be successfully urged in a collateral attack only if the order

making the appointment of the guardian of the minor is void for want of jurisdiction. It is contended that the probate court made an order allowing an attorneys' fee without hearing or taking any evidence relative to the value of the services. The probate court having acquired jurisdiction of a cause, its orders and judgments are presumed to be based upon evidence, stipulations, or proceedings sufficient to support such orders or judgments.

The latter part of section 102-1-7, R. S. Utah 1933, provides that:

"In a probate matter in which a competent court shall have appointed an executor, administrator or guardian' upon due notice, no objection to any subsequent order or decree therein can be taken by any person claiming under the deceased or under the ward, on account of any such want of notice, defect or irregularity, in any other manner than on direct application to the same court, made at any time before distribution, or on appeal."

Section 102-1-8, R. S. Utah 1933, relating to collateral attack, provides:

"An objection to any paper, petition, decree or order in any probate or guardianship matter, for an erroneous or defective statement or determination of any fact necessary to jurisdiction which actually existed, or for an omission to find or state any such fact in such paper, petition, decree or order, is available only on direct application to the same court, or on appeal."

The judgment of dismissal made by the trial court is affirmed, with costs to respondent.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.