284 P.2d 479

ESTATE of James John LATSIS (sometimes known as "Latses"), Deceased.

No. 7954.

Supreme Court of Utah.

May 28, 1955.

1. Erickson v. Walgreen Drug Co., Utah 1951, 232 P.2d 210, 31 A.L.R.2d 177.

White, Wright & Arnovitz, Gustin, Richards & Mattsson, James W. Beless, Jr., Salt Lake City, for appellant.

Moss & Hyde, Mulliner, Prince & Mulliner, Salt Lake City, for respondents.

Pugsley, Hayes & Rampton, Alton Lund, Richard L. Bird, Jr., Lewis S. Livingston, Franklin Riter, H. P. Thomas, Fabian, Clendenin, Moffat & Mabey, Backman, Backman & Clark, Salt Lake City, amici curiae.

CROCKETT, Justice.

The former opinion in this case, 2 Utah 2d 160, 270 P.2d 971, is now before us on rehearing. Upon careful re-examination of that decision and the record upon which it was based we here reaffirm the principles of law stated there (1) that counsel appointed to represent absent heirs has not the power of an attorney in fact to bind the heirs by his own action, and (2) that a purported final order which is in fact conditional is not binding until the conditions are met. Though we need make no modification in the legal principles

enunciated, we find it necessary to reconsider our construction of the facts to which the principles are applied. In the former opinion we indicated our understanding that the "Order Approving Final Account and Making Distribution, and Discharging Administrator" incorporates a prior conditional order, thus making the later decree conditional as well.

Upon rehearing our attention is called to the fact that though the "Order Approving Final Account * * *" does refer to the earlier order containing conditions, it does not put one reading it on notice that it would be ineffective unless such conditions were complied with. This order can fairly be understood to be an unconditional, final decree closing the probate proceedings. It reads, in part:

"* * * a settlement with all of the heirs * * * was made and approved, by which the said four heirs were to receive $10,000.00 as their full share * * *. [The attorney,] appointed by the Court, to represent said heirs, was to receive * * * $2000.-00, a portion to be paid forthwith, and the balance upon the final distribution to the said heirs * * * of the amount which each is entitled to receive under said settlement * * *. Now, Therefore, It Is Hereby Ordered, Adjudged and Decreed: * * * The settlement, payments and distribution,

and provision for distribution, made pursuant to the order herein of February 27, 1945, and as hereinabove set forth, is approved and allowed. It is further ordered that all of the remaining properties of the said estate * * are hereby distributed to Virginia Latsis, the surviving wife of the said decedent * * *. It is further ordered that the said Utah Savings & Trust Company and Virginia Latsis [, administrators,] be, and they are hereby, discharged."

The order recognizes $10,000 as the full sum to which the four heirs are entitled; it affirmatively distributes all remaining property to Mrs. Latsis; and it discharges the administrators completely. The title and wording of the order are such that the reader can fairly and reasonably assume that the judge granting the decree intended it to be final and that only the mechanical act of transmitting to the foreign heirs the funds set aside for them remained to be done.

■■ There must come an end to probate, and action of the court which is intended to close the proceedings and settle finally the rights of all parties does so, even though some individuals may be prejudiced by that action.[1] Since the order here in question fails to put the inquirer upon notice that there are conditions precedent to its becoming final, it demands

1. Tiller v. Norton, Utah 1953, 253 P.2d 618.

the respect to which a final decree is entitled under the statute.[2]

The judgment of the trial court is affirmed. Costs to respondents.

McDONOUGH, C. J., and HENRIOD, WADE and WORTHEN, JJ., concur.

2. See 75-1-7, 8, U.C.A.1953. See Snyder v. Murdock, 1903, 26 Utah 233, 73 P. 22; Erickson v. McCullough, 1937, 91 Utah 159, 63 P.2d 595, 109 A.L.R. 332; Short v. Thompson, 1936, 56 Idaho 361, 55 P.2d 163.