PATTERSON, Justice:
This is an appeal from the Chancery Court of Newton County. It originated with a petition to change the guardian of William H. Kelso, a non compos mentis. The petition and supplementary bill of particulars and answer were sufficient to put at issue the question of whether the ward’s best interests would be served by retaining his present guardian. After hearing, the lower court determined that the guardian should be removed and directed him to file his final account. From this decree the guardian appeals, setting forth numerous assignments of error. The primary issue is, however, whether the lower court abused its discretion in directing that the best interests of the ward would be preserved by the removal of the guardian.
We have considered the entirety of the record, including the nine annual accounts, and it is our opinion that the decree of the lower court should be affirmed.
The record reflects that the guardian has served ably and well under trying circumstances. The annual accounts having been duly ratified and approved by the court are prima facie correct in behalf of the guardian. Roach v. Jelks, 40 Miss. 754 (1866); Heard v. Daniel, 26 Miss. 451 (1853); Austin v. Lamar, 23 Miss. 189 (1851). We make no finding in this regard as the presumption of correctness will be maintained until displaced by proof on final account.
' The record discloses, however, that the ward now harbors ill feeling and animosity toward his guardian. Whether this feeling is justified or is merely the figment of an unbalanced mind need not be determined as it is an actuality which tends to cause the ward to be emotionally upset which in turn causes attacks of asthma. For this reason it is our opinion that the decree of the lower court should be affirmed as we cannot say that the court abused its discretion in finding that another guardian would promote the best interests of the ward in view of his mental and physical condition. Conner v. Polk, 161 Miss. 24, 133 So. 604 (1931).
The decree of the lower court is hereby affirmed and the cause remanded for final account in accord with its former decree, but on such account the guardian and his attorneys are entitled to an appropriate fee for their services, but not to include attorneys’ fees on this appeal.
Affirmed and remanded.
All Justices concur except GILLESPIE, P. J., who took no part.