## Alvin Holiman vs. C. C. Dibrell.

1. Practice: *Appeal from interlocutory decree. Motion to dismiss appeal.*
   The clerk of the chancery court has no authority to grant an appeal from interlocutory orders or decrees; that power being vested alone in the chancellor. The clerk can grant appeals from final decrees only. In cases of appeals from interlocutory decrees, the appeal bond must be filed within twenty days after the decree is rendered. Rev. Code of 1871, §§ 1250, 1256, 1257.

2. Same: *Administrator. Appeal bond.*
   Where an administrator prosecutes an appeal for the benefit of the estate of his intestate, he can do so without giving an appeal bond. But if he takes the appeal for his own individual interest and benefit, or for the protection of the sureties on his bond, an appeal bond is required by the law, and should be executed.

Appeal from the Chancery Court of *Chickasaw* County.

Hon. W. D. Frazee, Chancellor.

The bill charges that complainants, Dibrell and Klaws, are creditors of intestate. David Ansley had probated their respective claims. The estate was insolvent. Holiman took letters of administration, executed a bond as such, with Crocket and Wofford as sureties, and one for the sale of the lands, with D. Hill and A. A. Pack as sureties; that he received from sale of personalty, $691.25; sale of realty, $325; that he failed to proceed as the law directs. Rendered no schedule of the personalty or list of lands, when he ascertained the estate was insolvent; failed to exhibit proper schedule of debts, and to have summons issued to the devisees, or to take proper steps after the declaration of insolvency; failed to account for moneys collected. In his final ac-

count, assumes to meet claims of creditors in a mode dictated by himself; failed to pay or arrange complainants' claims, but prejudiced petitioners' rights; that the *pro rata* declared has not been paid; charges the administrator with private speculation, etc. Prayer for process for administrator and his bondsmen on both bonds named, as defendants, and that the administrator and his sureties be required to pay over to petitioners to the extent of their bonds, to be ascertained by reference to the clerk and master, and for other relief, etc.

Defendants filed a demurrer, setting up the following causes:

Uncertainty, multifariousness, no breaches assigned, want of mutuality of parties in interest and in liability ; no facts averred or charged in the bill authorizing a chancery court to grant the relief sought, or any other relief.

The errors assigned are, the overruling of defendant's demurrer, and retaining appellees' petition.

*Martin & Bates*, for appellants :

The final account had been filed, but no notice had been given and no action taken by the court. The bill or petition must have been an original proceeding on the part of Dibrell and Klaws. The complainants are simply creditors of the estate of Ansley, and only complain that their debt is unpaid, though their claims are probated, etc., and that others have been paid.

The demurrer should have been sustained, for all the reasons therein assigned. It fails to aver any facts upon which the court should act.

*J. N. Carlisle*, for appellees :

This is a case under the code of 1871, §§ 976, 1179 and 1180, and should be sustained. The allegations are admitted and demurrer filed. The estate had $855.59. The administrator prepared to distribute only $755.35. Appellees' claim amounts to $333.48. He failed to render the schedule required by the code of 1871, § 1158. The statute of limitations cannot avail. See Waul *v.* Kirkman, 25 Miss., 609; 11 S. & M., 594; 39 Miss., 174; 29 id., 57 ; 26 id., 583.

TARBELL, J., delivered the opinion of the court.

Motion to dismiss an appeal from a decree of the chancery court of Chickasaw county overruling a demurrer to a bill or petition. The motion is based on the following grounds: 1. Because the appeal is prayed for and taken in the name of one only of the parties respondent; and, 2. Because the appeal was allowed and prosecuted without an appeal bond.

This case, it is believed, demands elucidation : The proceeding was instituted by two creditors of the estate of David Ansley, deceased, by bill or petition against the administrator and his sureties. It is averred that the claims of the complainants have been probated; that the estate has been declared insolvent; that real estate was sold to pay debts in obedience to the orders of the court; that thereupon, an additional bond was given; that the moneys received by the administrator from all sources amount to $——; that the administrator has paid claims without sufficient investigation, and without notice required by law, whereby claims have been paid which ought to have been resisted; the unlawful detention of a portion of the funds of the estate by the administrator, for his personal benefit, is charged; various omissions and delinquencies are also averred; it is represented that all the debts of the estate have been paid except the two due the complainants ; and the prayer of the bill is, that on final hearing, the administrator and his sureties be decreed to pay the petitioners the amount of their bond or the amount which may be ascertained to be due them; that the administrator and his sureties be decreed to pay to petitioners the amount of their claims against the estate, or to the extent of their liability on their administration bonds, said amount to be ascertained by reference to a master; and for relief, and decree to them whatever may be equitable and right.

There was a demurrer by all the respondents, which was overruled. During the term at which this decree was rendered, the administrator alone prayed an appeal, which was granted by the chancellor, coupled with leave to the administrator to prosecute it without giving an appeal bond. Two or three months subse-

quent to this, all the respondents united in a petition for appeal, addressed to the clerk of the proper court, and on the same day an appeal bond was filed, executed by all those parties. This was ineffectual, because the clerk is unauthorized to grant appeals from interlocutory orders and decrees, this power being vested alone in the chancellor. Code, §§ 1256, 1257. The clerk can grant appeals from final decrees only. Id., § 1250. The bond was unavailing, because not filed within twenty days after the decree. Id., § 1257.

In support of the motion now made to dismiss, it is urged that the appeal is not in the interest of or for the protection of the estate but is prosecuted in the individual interest of the administrator, and for the protection of the sureties on his administration bonds; wherefore, it is contended that an appeal bond is necessary. A careful consideration of the record leaves it in doubt whether the estate is or is not directly concerned in this litigation. It is true, no decree is asked in terms against the estate. The administrator, however, is made a party in his representative character, and an inspection of the exhibit filed with the petition shows that the debts of the estate are paid in part only; that there are funds in the hands of the administrator awaiting distribution; and that the claims of the complainants are included in the final account of the administrator for their distributive share. Nevertheless, according to the strict letter of the bill or petition, a personal decree is sought against the administrator and his sureties, and no decree is asked against the estate. If the administrator is prosecuting this litigation in his representative character and for the benefit of the estate, it is the well established rule in this state that he can do so without giving an appeal bond. But if, on the other hand, this appeal is taken in his individual interest and for the protection of his sureties, a bond was necessary.

Waiving a conclusion on this point, other branches of the case will be considered. The claims of these creditors are not stated to be reduced to judgments. A *devastavit* is not charged in words, but the allegations of the bill lead to that result. The proceeding

is in its nature, though not in terms, an action at law. It seems to be an attempt to make a case within § 976 of the code, but this provision has been declared by this court to be unconstitutional.

If § 1179 of the code is relied on in support of the position, it is to be observed, that the bonds of the administrator are not alleged in terms to be forfeited, nor is there a prayer, express, that they be put in suit.

It may be further observed, that this is not an appeal from a a final decree upon exceptions to a final account, but, as seen, to an interlocutory order. If this proceeding is in probate, then no appeal lies from an appeal overruling a demurrer, or other interlocutory order. Whether this proceeding is intended to be on the probate or equity side of chancery is not clear. This is left to inference or construction.

That several important practical questions are remotely, if not directly, presented by this record, is apparent from the statements now made. It is also apparent, that the rights of these parties are still open and undetermined; that the court below has full jurisdiction and control of the claims involved, and that upon proper pleadings they can be heard, and doubtless, satisfactorily settled.

In those cases, where an appeal is allowed from an interlocutory order or decree, the application therefor must be made to the chancellor, in term time or vacation, but within twenty days after the decree or order from which an appeal is prayed ; and the appeal bond must be filed within the same time. Code, §§ 1256, 1257.

Any one of several parties in interest may appeal from the chancery court. Code, § 1258. Appeal bonds are sufficient, if signed by one or more of several appellants. Code, § 1261.

Upon these suggestions and without announcing any more definite rule upon the questions raised, this appeal will be dismissed, and the cause remanded, independently of the motion, because, in the view taken of the record, this is not, for several reasons, a

proper case for an appeal, but more especially, because the subject of litigation is open and undisposed of, is within the jurisdiction of, and easy of solution by the court below.