## W. B. Mann *v.* S. A. Lowry, Executrix.

Appeal. *From justice's court. Bond required of executor or administrator.*

An executor or administrator appealing from the court of a justice of the peace, as well as all other appellants from that court, was bound, under the Code of 1871, to give the bond required by sect. 1332 thereof, "in the penalty of $200," and "conditioned for the payment of such judgment as the Circuit Court may [might] render against him;" and in the absence of any attempt to give such bond by an executor or administrator, the Circuit Court could have no jurisdiction of the case. But if the appellant was unsuccessful in the Circuit Court, no judgment could be rendered against him on the bond, except for costs, unless it be a case where the judgment was *in rem*, for the return of property, or for payment of its alternate value.

Error to the Circuit Court of Leake County.

Hon. A. G. Mayers, Judge.

The case is sufficiently stated in the opinion of the court. The opinion is based upon the construction of the latter part of sect. 1332 of the Code of 1871, which is in the following language: "The party praying such appeal [an appeal from the judgment of a justice of the peace] shall give bond, with security, to be approved by said justice, payable to the opposite party, in the penalty of two hundred dollars, conditioned for the payment of such judgment as the Circuit Court may render against him, and such appeal, when demanded, and bond given as aforesaid, shall operate as a *supersedeas* of execution on such judgment."

*G. Q. Hall,* for the plaintiff in error.

The Circuit Court erred in overruling defendant's motion to dismiss the appeal from the justice's court. The right to such appeal is not a common-law right. It is purely statutory, and the conditions imposed by the statute must be complied with in order to give the Circuit Court jurisdiction. *Bridges* v. *Supervisors,* 57 Miss. 252; *Pearson* v. *Wilson,* 57 Miss. 848. One of the conditions imposed as a condition precedent to the granting of an appeal is the execution of an appeal-bond. Code 1871, sect. 1332.

*G. M. C. Davis,* on the same side.

The appeal from the justice's court should have been dismissed, because no appeal-bond was given. A justice of the peace's court is not a common-law court, but one of purely statutory existence, with no original jurisdiction, and its powers and privileges are all statutory, and can only be exercised according to the statute creating and regulating that court. 57 Miss. 252, 848.

*Huie & Beauchamp,* for the defendant in error.

The Circuit Court did not err in overruling the motion to dismiss the appeal from the justice's court. *Wade* v. *American Colonization Soc.,* 4 Smed. & M. 670; *Hunter* v. *Thurman,* 3 Cushm. 463; *Holiman* v. *Dibrell,* 51 Miss. 96.

CHALMERS, C. J., delivered the opinion of the court.

The executrix brought her action of replevin in a justice's court, and, having been there defeated, appealed to the Circuit Court without giving bond. A motion by the defendant in that court to dismiss the appeal was overruled upon the ground that executors and administrators were not required to give appeal-bonds, and, a trial *de novo* being had, which resulted in a judgment for the executrix, the defendant appeals to this court.

We examined, in *Campbell* v. *Doyle,* 57 Miss. 292, the question of whether executors and administrators could appeal without bond, and reached the conclusion that they must give

bonds for costs, which, when given, operate to supersede the judgments appealed from.   The decision was based upon the principle that, while the requirement of a *supersedeas*-bond applied in terms to all appellants, it must be construed as not embracing executors and administrators, because they, being exempted by other clauses of the statute from any personal liability beyond the assets in their hands, could not be compelled to execute bonds which would impose such liability. As to cost-bonds, however, the reason ceased and the law with it.   Being always personally liable for costs, they must execute bonds therefor like other appellants.   The decision had reference to appeals to this court, as to which two classes of bonds are prescribed, to wit, cost-bonds and *supersedeas*-bonds.   We are met now with the same question in reference to appeals from the justice's court, as to which one bond only is provided, which by its terms, as fixed by statute, operates as an indemnity both for costs and for the judgment to be pronounced by the Circuit Court.

The statute is imperative in making the giving of this bond a condition precedent to the granting of the appeal, and it has always been regarded as so jurisdictional in its character that, in the absence of any attempt to give it, the Circuit Court was without power to try the case.

We cannot disregard the statute which requires this bond to be given by all appellants, nor can we alter the phraseology prescribed by law.   It must be executed in the same penalty and conditioned for the payment of " such judgment as the Circuit Court may render against him ; " but, as the law prohibits the imposition of any personal liability except for costs, the Circuit Court must conform its judgments to the law, and in case of affirmance render judgment on the bond only for costs, except in cases where it is a judgment *in rem*, for the return of property, or for payment of its alternate value.

The judgment of the Circuit Court is reversed, and this court, rendering such judgment as that court should have rendered, dismisses the appeal from the justice's court.