EDGAR H. MUSE *v.* MARGARET P. MUSE.

1. LUNATIC. *Guardianship. Next of kin. Chancery court.*
    The next of kin have no legal right to the guardianship of the person or estate of a lunatic, but the power of appointment is confided to the discretion of the chancery court.

2. SAME. *Code* 1892, § 2186.
    Code 1892, § 2186, does not apply to the appointment of a guardian to a lunatic.

FROM the chancery court of Madison county.

HON. H. C. CONN, Chancellor.

The appellee, Margaret P. Muse, applied to the chancery

court for letters of guardianship upon the person and estate of Martha Muse, a lunatic. Edgar H. Muse, appellant, opposed the appointment, and, showing that he was next of kin to the lunatic, prayed that he might be appointed guardian both of the person and estate, but especially of the estate of the unfortunate person *non compos mentis*. The court below appointed Margaret P. Muse, appellee, guardian of both the person and estate of the lunatic, and thereupon Edgar H. Muse, appellant, prosecuted an appeal to the supreme court.

*W. H. Powell*, for appellant.

Under the proof the chancellor had no discretion, but should have appointed Edgar H. Muse guardian. The statute directs that preference should be given to the next of kin, unless manifestly unsuitable. Code of 1892, § 2186. The same rule applies to a *non compos mentis* as to a minor. Code of 1892, §§ 2212, 2219; Acts 1896, 105; *Spaun* v. *Collins*, 10 Smed. & M., 624; *Allen* v. *Petee*, 25 Miss., 29.

If mistaken as to the whole claim, certainly appellant should have been appointed guardian of the estate of the lunatic. He owned the remainder in the estate and was as well qualified to manage it as was Margaret P. Muse.

If the court will not reverse the decree in whole, it should reverse in part, and Edgar H. Muse should, at least, under the law and facts, be made the guardian of the estate, if not of both person and estate.

*Chrisman & Howell*, for appellee.

The appeal in this case assumes that the appointment of the appellee as guardian of the lunatic was governed and controlled by § 2186, code 1892. This is a mistake. The jurisdiction is exercised under § 2212. If this last section be stricken from the code, the power to appoint would still be in the chancery court, on account of the jurisdiction conferred on it by the constitution, and would be exercised on the principle of " looking

to the lunatic's interest alone." Adams' Equity, 296. If we be mistaken, and § 2186 regulates the grant of letters, the legal preference there provided for is subordinated to the fitness and qualification of the applicant, and when a particular person named, as in this case, is proven to be "about the only one that can control the unfortunate, and that control is secured and maintained by kindness," then every other person, by comparison, is manifestly unfit.

WOODS, C. J., delivered the opinion of the court.

We have no statute which confers upon the nearest of kin of an adjudged lunatic the legal right to have the guardianship of the lunatic. The cases cited by counsel for appellant involved the legal right of the nearest of kin to have the guardianship of a minor. In such cases the law conferred the right upon the nearest of kin to guardianship of the minor. But we have no such statute as to the appointment of guardians of the person or estate of insane persons. The power of appointment in such case is confided to the discretion of the chancery court, and, in the case before us, that discretion appears to have been wisely exercised.

*Affirmed.*