BARNEY *et al. v.* BARNEY.

(In Banc. February 23, 1948. Suggestion of Error Overruled, March 22, 1948.)

[33 So. (2d) 823. No. 36605.]

**F. D. Hewitt**, of McComb, for appellant.

**Gordon & Gordon**, of Liberty, for appellee.

**Griffith, J.**, delivered the opinion of the court.

On May 22, 1946, Hillery Barney was adjudged a lunatic under the proper procedure by writ of lunatico

inquirendo. On September 9, 1946, Ida K. Barney and Rebecca M. Barney filed a petition alleging that they are respectively the wife and daughter of the lunatic Hillery Barney and praying that one of them be appointed guardian of the estate of said insane person. They further alleged that one Emerson Barney had been previously appointed guardian of the estate of the lunatic but that such appointment was void. It appears in the record that Emerson Barney is a brother of the lunatic, and that the appointment was made on March 31, 1945, nearly a year before any adjudication of insanity, but when as a matter of fact the said Hillery was a lunatic, and was then actually confined in the insane asylum.

Under Section 430, Code 1942, no preference is given to the nearest of kin in the appointment of a guardian to an adjudged lunatic,—the power of appointment is confided to the discretion of the Chancery Court, so long as not palpably abused. Muse v. Muse, 76 Miss. 372, 24 So. 168. The refusal of the Chancellor to appoint either of the petitioners in this case was not abused for the reason, if for no other, that their own testimony sufficiently shows that neither of them possesses the mental capacity which would make them competent for such an appointment.

The petition further alleged, however, that Emerson Barney, the acting guardian of the estate, had squandered the estate of the lunatic and is an unfit person and should be removed. We take it as a proposition which can scarcely be disputed that the person who in his own name would petition to have a guardian of an estate removed must be a person who has some legitimate interest present or prospective in that estate, or who has some personal responsibility as regards the estate or the care or welfare of the lunatic. And while it may be true that the Chancellor, as superior guardian, might take notice of petitions by strangers in such cases as a matter of information to him openly tendered, they would have no privilege of appeal if he should refuse to do so.

The petitioners in recognition of the stated proposition alleged and attempted to prove the relationship to the lunatic of wife and daughter. But when the entire record of the testimony is taken by its four corners we think there was a failure of that cogent and dependable proof of the asserted relationship which should be required in such cases,—a failure to prove satisfactorily that Ida is the lunatic's wife, and that Rebecca is his legitimate daughter. At any rate we could not, on this record, overturn the finding of facts by the Chancellor on that issue. And the proof is clear that the alleged wife and daughter have no substantial personal interest present or prospective in the welfare of the lunatic, aside from their asserted interest in his estate.

Affirmed.