JONES, Justice:
Lee Roy Pinson and his two daughters, Mrs. Combs and Mrs. Munn, filed a petition in the Chancery Court of Lauderdale County, Mississippi, for the appointment of a guardian of person and estate of Lee Roy Pinson. The petition alleged Mr. Pinson was seventy-two years of age and suffering with arteriosclerosis; and that as a result, he was unable to care for himself and was not mentally capable of handling his affairs. Citation was issued to his wife, Mrs. Callie Pinson, the stepmother of the two daughters above mentioned. In her answer, she admitted the age, infirmity, and mental disability of her husband, and further admitted that a guardian for him should be appointed, requesting that she be appointed. The original petition asked that a suitable person be appointed.
*880 On the hearing it was shown that his second wife, because of their financial circumstances, was required to work during the day, and, also that she often worked at night sitting with a sick lady. Sometimes she carried her husband with her to the sick lady’s house, and sometimes she had her sister sit with him. The proof showed that the daughters could devote all of their time to him, that they loved their daddy, and that they would be at home where they could look after him. Their husbands testified Mr. Pinson would be more than welcome in their homes. There was absolutely no reflection on the stepmother’s character.
The only question presented to the Court by the pleadings was: Who should be appointed as guardian ? There is an exception taken to the admission of some hearsay testimony relating to the physical condition of Mr. Pinson, but inasmuch as both sides admitted his inability to care for himself and his affairs, and sought to have a guardian appointed, we cannot say this testimony was harmful if inadmissible.
After having heard the testimony, the chancellor found, under all the facts shown, that it would be to the ward’s best interest that one of the daughters serve as guardian, specifically holding that this was no reflection on the wife, but that it would be to the best interest of the ward, considering the duties and obligations of the wife, that a daughter be appointed.
We do not feel called upon to record all of the testimony relating to the ward, his condition, nor his stay at the hospital; but simply say this was a matter within the discretion of the chancellor, and that before we could set aside his findings, we would have to adjudge his discretion was palpably abused. Barney v. Barney, 203 Miss. 228, 33 So.2d 823 (1948). This we cannot say, and the case is therefore affirmed.
Affirmed.
ETHRIDGE, C. J., and BRADY, INZER, and SMITH, JJ., concur.