This is an appeal from a decree of the Chancery Court of Benton County removing the appellant, Matthew Harris, from the office of conservator of the estate of his aunt, Susie Alice Harris.
Susie Alice Harris (known as "Miss Susie") is an elderly woman believed to be about ninety years of age, who lives alone at her home in rural Benton County. She never married and has neither children nor living siblings. On September 3, 1982, her nephew Matthew Harris and three of his brothers filed a petition in the Chancery Court of Benton County. Harris lives in Memphis, as do his brothers (except for one who lives in Millington, TN). The petition alleged that Miss Susie was incapable of managing her estate by reason of advanced age and mental weakness.
The court appointed Jackie Tatum, an attorney in Ripley, as guardian ad litem for Miss Susie. A hearing on the petition was held on February 8, 1983. The chancellor found that Miss Susie was incapable of administering her estate and that a conservator was necessary. He appointed Matthew Harris to that position.
Soon afterwards, trouble began. Miss Susie complained to visitors and county *Page 1132 
officials that Matthew Harris seldom visited her, that her bills were remaining unpaid and that she had little money. Visitors also reported that Miss Susie had little food in the house, that the house and yard were generally in a run-down condition, and that the house was infested with mice. On October 13, 1983, a petition was filed in the Chancery Court of Benton County by Jackie Tatum and Bonnie King, a nurse employed by the Benton County Board of Health. It enumerated the complaints mentioned above, and also charged that Harris had failed to file his inventory as required, and his attorney Lee Calvin Buckley had refused to talk with the petitioners about the needs of Miss Susie. The petition prayed that Matthew Harris be removed as conservator and Bonnie King be appointed in his stead. Harris answered, contending that the petitioners lacked standing and insisting that he had diligently attempted to perform his duties, and that his shortcoming were due to the opposition of Miss Susie and others who had not been in favor of his appointment.
The cause was heard on January 5, 1984. The chancellor issued an opinion finding it in the best interest of Miss Susie to have Matthew Harris removed as conservator. Bonnie King was appointed to succeed him. The court granted Harris leave to appeal, but without supersedeas. Harris filed and presented his final accounting, and the chancellor issued a decree discharging him as conservator on March 9, 1984. Harris' appeal of his removal is now before this Court.
On appeal Harris contends that Bonnie King and Jackie Tatum had no standing to petition for his removal. As both parties recognize, Barney v. Barney, 203 Miss. 228, 33 So.2d 823
(1948), controls as to this issue. Appellant relies on language in Barney stating that:
 we take it as a proposition which can scarcely be disputed that the person who in his own name would petition to have a guardian in an estate removed must be a person who has a legitimate interest present or prospective in that estate, or who has some personal responsibility as regards the estate or the care or welfare of the ward.
 (203 Miss. at 230, 33 So.2d at 824).
However, it is evident that the Court is here speaking of a petition as of right. The sentence just quoted is immediately followed by another referring to the receipt of such petitions as a matter of the chancellor's discretion.
 And while it may be true that the chancellor, as superior guardian, might take notice of petitions by strangers in such cases as a matter of information to him openly tendered, they [the petitioners] would have no privilege of appeal if he should refuse to do so.
 (203 Miss. at 230, 33 So.2d at 824).
Thus, it seems clear that under Mississippi law the receipt of such petitions is within the chancellor's discretion. The record before this Court contains nothing that would justify a finding that the chancellor abused his discretion in this regard. On the contrary, the substantial involvement of both Jackie Tatum and Bonnie King with Miss Susie is clear from the record.
Harris also argues that there was no sufficient cause for removing him as conservator, and that the chancellor abused his discretion by doing so. This argument need not detain us. In Mississippi, the decision as to the removal of a conservator is within the chancellor's sound discretion, and his decision will not be disturbed on appeal unless it is manifest that he abused that discretion. Conner v. Polk, 161 Miss. 24, 133 So. 604
(1931). In the present case, it is undisputed that the conservator failed to file an inventory as required. There was also ample evidence that the financial and material needs of the ward were being imperfectly served. The record before us furnishes no basis for saying that the chancellor abused his discretion. We affirm his decree as to the removal of the conservator.
Finally, Harris argues that the chancellor erred in denying him an appeal with *Page 1133 
supersedeas. Because we are ruling against Harris on the merits, we could dispose of this case without discussing the supersedeas issue. But since the situation in the present case has the potential for recurring, we consider it expedient to address the issue in order to provide guidance for trial judges and chancellors in future cases in accordance with Sartin v. Barlow,ex rel. Smith, 196 Miss. 159, 169, 16 So.2d 372, 376 (1944).
The appellant argues that he was entitled to an appeal with supersedeas without bond by virtue of Mississippi Code Annotated § 11-51-99 (1972). That section reads:
 How executors, administrators, and guardians appeal.
 Executors, administrators and guardians, except those who have not given bonds as such, may appeal from any judgment, decree, or order affecting them in their fiduciary character, and shall have a supersedeas on such appeal, without bonds for costs or for supersedeas; but in appeals to the supreme court they may be required to prepay the clerk for the transcript of record.
Because § 93-13-259 states that conservators shall have the same powers, rights and duties as guardians, this statute also governs any appeals by conservators.
Both parties cite Holiman v. Dibrell, 51 Miss. 96, (1875). In this case, an administrator who appealed a judgment against him for debts incurred by the estate was held to be appealing in his individual capacity, rather than as a fiduciary. Holiman,
however, does not control here, because it was handed down before Mississippi had a separate statute governing the appeals of fiduciaries. The present statute is in essence the same as the one enacted for the first time in the Code of 1880. The holding in Holiman was based on Mississippi common law, rather than on any statute. Mann v. Lowry, 58 Miss. 73, 75 (1880), gives a general discussion of the reasons for not requiring fiduciaries to post a supersedeas bond, but throws no light on the question of when such a fiduciary is considered to be appealing in this individual capacity. Both parties cite Hunter v. Thurmon,25 Miss. 463 (1853), but this, like Holiman, antedated the enactment of the current statutory policy and was decided under the general appeals statute with common law exceptions.
In discussing the pertinent Mississippi case law the appellee seeks to focus attention on the character of the appeal — i.e., whether or not the appeal is being prosecuted on behalf of the estate or the ward. The statute, however, speaks not to the character of the appeal, but to the nature of the judgment or decree. Regardless of whether the appeal is considered as being made on behalf of the ward, there can be little doubt that a decree removing a conservator "affects" that conservator in his "fiduciary character." Thus, the statute by its character does say that such a conservator is entitled, on appeal, to a supersedeas without bond.
The chancellor may, if the circumstances warrant, increase the amount of the bond originally posted by the conservator. Such a decision is within his sound discretion.
For the foregoing reasons, the decree will be affirmed as to the removal of the conservator, but reversed as to the denial of supersedeas.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur. *Page 1134