GRIFFIS, J.,
for the Court.
¶ 1. Alvin Peyton appeals the chancellor’s decision to dismiss Peyton’s petition to remove John Longo as the conservator of Lauree Davis and to set aside a fraudulent conveyance. The chancellor determined that Peyton did not have standing to proceed with his petition. In this appeal, Peyton raises five issues and argues that the chancellor erred in: (1) dismissing the petition for lack of standing, (2) not removing the conservator, John Longo, (3) not setting aside the November 3, 2004 warranty deed, (4) not removing the conservator for failure to file the required inventory, and (5) not requiring Longo to appear and show cause why he should not be removed. We find that Peyton had standing to pursue this claim. We therefore reverse and remand this case for further proceedings.
FACTS
¶2. On November 29, 2004, John L. Longo, Jr. and Harvest Mackey filed a petition for appointment of conservator of Lauree Davis. Longo claimed to be the “informally adopted son of’ Ms. Davis, and Mackey claimed to be the maternal uncle and closest living relative of Ms. Davis. The petition included two physician’s reports of the condition of Ms. Davis, dated November 22 and 24, 2004, that determined her to be incapable of managing her own affairs due to her physical condition and mental weakness.
¶ 3. By order dated December 8, 2004, the chancellor appointed Longo as the conservator of Ms. Davis’ person and estate. Longo executed and filed the oath, along with the required bond. He was issued letters of conservatorship on the same day.
¶ 4. On January 24, 2005, Alvin Peyton filed his petition to remove the conservator and to set aside fraudulent conveyance. In the petition, Peyton claimed that Ms. Davis executed a will on June 6, 1995, that appointed him the executor of her estate and that devised and bequeathed her entire estate to Peyton’s three daughters, Brittney Marie Peyton (age 19), Brandi Renee Peyton (age 16), and Brean-na Patrice Peyton (age 12). A copy of the will was attached to the petition. The petition also claimed that “[o]n November 3, 2004, Ms. Davis purportedly conveyed over eighty acres of real property located in Lawrence County to John Longo pursuant to a ‘warranty deed.’ ” A copy of the warranty deed was attached to the petition. The petition challenged Longo’s appointment as conservator and claimed that the November 3, 2004 warranty deed was a fraudulent conveyance. The petition demanded that Longo be removed as conservator, that Peyton be substituted as conservator, that the November 3, 2004 conveyance be set aside, and that Longo be required to provide an accounting.
¶ 5. On February 22, 2005, a hearing was held on Peyton’s petition. Longo’s counsel made an ore tenus motion to dismiss the petition. The chancellor questioned whether Peyton had standing to bring the petition. Peyton argued that his standing was derived from the interest of his minor daughters. To establish their interest, Peyton referred to Ms. Davis’ June 6, 1995 will that left her entire estate to Peyton’s minor children and named Peyton the executor.
¶ 6. The chancellor determined that Pey-ton lacked standing and dismissed the petition. The chancellor’s order, dated February 22, 2005, held that:
2. The Petitioner herein, to-wit: Alvin Peyton, can assert no standing in *523 this matter than that as the named Executor under the Last Will and Testament of Lauree Davis, dated June 6,1995;
3. That without addressing the validity of said Last Will and Testament, said instrument imparts no standing to the Petitioner so long as Lauree Davis remains alive, as she is now;
4. That, since the Petitioner lacks sufficient standing to bring this matter, said Petition to Remove Conservator should be, and the same is hereby, dismissed with prejudice....
Peyton’s motion for reconsideration was denied.
STANDARD OF REVIEW
¶ 7. Issues of law are reviewed de novo by this Court. Jackson v. Jackson, 732 So.2d 916, 920(¶ 5) (Miss.1999) (citing Bodmon v. Bodman, 674 So.2d 1245, 1248 (Miss.1996)). The question of standing is considered to be an issue of law. Brown v. Miss. Dep’t of Human Servs., 806 So.2d 1004, 1005(¶ 4) (Miss.2000).
ANALYSIS

I. Whether the chancellor abused his discretion in ruling that Peyton did not have standing to go forward with his petition to remove the conservator and to set aside the transfer of real property based on fraud.

¶ 8. Peyton’s first issue challenges the chancellor’s determination that Peyton had no standing to bring the petition. Mississippi Code Annotated Section 91-7-285 (Rev.2004) is titled “Process for derelict fiduciary,” and it provides:
Whenever it shall appear of record, or otherwise, that any executor, administrator, guardian, receiver, or fiduciary appointed by any chancery court is derelict in the performance of any duty required of him by law or the orders of the court or chancellor, or is liable to be punished or removed for any cause prescribed by law, then such court or the chancellor in vacation may, on the application of any interested party or of his or its own motion, order a citation for such executor, administrator, guardian, receiver, or other fiduciary, as the case may be, to be issued by the clerk of the court in which such cause or matter is pending, returnable forthwith or at such time and place, in term time or vacation, as may be specified in such order, to appear and show cause why he should not be removed or punished for contempt, either or both, as may be directed in such order....
(emphasis added).
¶ 9. The term “interested party” is not defined in the statute. Exactly who could be considered an “interested party” will depend on the type of fiduciary that has been appointed. For example, if Longo were the executor of Ms. Davis’ will, there would be no doubt that Peyton’s daughters would be considered an “interested party” in an action under Section 91-7-285. However, this is not a probate matter.
¶ 10. Peyton cites us to the Mississippi Supreme Court decision in Conservatorship of Harris v. King, 480 So.2d 1131 (Miss.1985). Peyton argues that his daughters have a “legitimate interest present or prospective in [Ms. Davis’] estate.” As a result, Peyton concludes that the chancellor erred) in finding he did not have standing to pursue the removal of Longo under Section 91-7-285.
¶ 11. In Harris, Susie Harris’ nephew, Matthew Harris, and three of his brothers filed a petition for a conservatorship over the person and property of Miss Harris. Harris, 480 So.2d at 1131. She had no spouse, children or living siblings. The petition alleged that Miss Harris was “in *524 capable of managing her estate by reason of advanced age and mental weakness.” Id. As a result, the chancellor appointed Matthew Harris as conservator. Id. Soon thereafter, Miss Harris began to complain about Matthew’s actions as her conservator. Id. at 1132. Jackie Tatum, Miss Harris’s guardian ad litem, and Bonnie King, a nurse, neither of whom were related to Miss Harris, filed a petition that documented the problems Miss Harris was having with Matthew and asked that he be removed as conservator. Id. Matthew responded and argued that Tatum and King had no standing and that the allegations were not true. Id. The chancellor determined that Miss Harris’ best interest required Matthew’s removal and appointed King to succeed him. Id.
¶ 12. On appeal, Matthew claimed that Tatum and King had no standing to petition his removal as Miss Harris’ conservator. The supreme court disagreed and affirmed the chancellor’s decision. The court reasoned:
As both parties recognize, Barney v. Barney, 203 Miss. 228, 33 So.2d 823 (1948), controls as to this issue. [Matthew] relies on language in Barney stating that:
we take it as a proposition which can scarcely be disputed that the person who in his own name would petition to have a guardian in an estate removed must be a person who has a legitimate interest present or prospective in that estate, or who has some personal responsibility as regards the estate or the care or welfare of the ward.
[Barney,] (203 Miss. at 230, 33 So.2d at 824).
However, it is evident that the Court is here speaking of a petition as of right. The sentence just quoted is immediately followed by another referring to the receipt of such petitions as a matter of the chancellor’s discretion.
And while it may be true that the chancellor, as superior guardian, might take notice of petitions by strangers in such cases as a matter of information to him openly tendered, they [the petitioners] would have no privilege of appeal if he should refuse to do so.
[Barney,] (203 Miss. at 230, 33 So.2d at 824).
Thus, it seems clear that under Mississippi law the receipt of such petitions is within the chancellor’s discretion. The record before this Court contains nothing that would justify a finding that the chancellor abused his discretion in this regard. On the contrary, the substantial involvement of both Jackie Tatum and Bonnie King with Miss Susie is clear from the record.
Harris, 480 So.2d at 1132 (emphasis added). Thus, the court determined that Tatum and King did not have standing as a matter of right, i.e., a “person who has a legitimate interest present or prospective in that estate.” Id. Instead, the court reasoned that Tatum and King could pursue the petition as strangers and challenge Matthew’s appointment subject to the chancellor’s role as Miss Harris’ “superior guardian.” Id. As a result, the court concluded that there was evidence to support the chancellor’s decision. Id.
¶ 13. In the present case, Peyton and Longo both cite Harris as authority but they argue different Barney principles to support their positions. Peyton claims that he has standing as a matter of right because he and his daughters have a legitimate prospective interest in Ms. Davis’ estate. Longo claims that Peyton is a stranger because he and his daughters have no present rights under an unprobat-ed will of a person who is still living.
*525 ¶ 14. We begin our analysis with the statute. Section 91-7-285 allows for an “interested party” to filed a petition to remove a fiduciary, i.e. Longo as Ms. Davis’ conservator. The Mississippi Supreme Court, in Barney and Harris, interpreted the term “interested party” to be “a person who has a legitimate interest present or prospective in that estate, or who has some personal responsibility as regards the estate.... ” Harris, 480 So.2d at 1132; Barney, 203 Miss. at 230, 33 So.2d at 824. Thus, in both of these cases, the supreme court rejected the notion that a person is required to have a present interest in the estate of the ward to seek the removal of a fiduciary. Instead, the court clearly stated that an interested party is a person who has a “prospective” interest. “Prospective” is defined as “anticipated or expected; likely to come about.” Black’s Law Dictionary 1238 (7th ed.1999).
¶ 15. Peyton claims that his daughters have a legitimate prospective interest in Ms. Davis’ estate when Ms. Davis executed her will on June 6, 1995, leaving her entire estate to his three daughters. Thus, Pey-ton argues that his daughters will inherit the entirety of Ms. Davis’ estate at her death and the probate of her will. Indeed, there is no certainty that Peyton’s daughters will inherit Ms. Davis’ estate. The will could be revoked, there could be a challenge to the will, or Peyton’s daughters may predecease Ms. Davis. Nevertheless, until such time as one of those events might occur and end the anticipation or expectancy, Peyton’s daughters do in fact have a “prospective” interest in Ms. Davis’ estate.
¶ 16. Longo argues that an unprobated will is not an effective instrument of title. Virginia Trust Company v. Buford, 123 Miss. 572, 595, 86 So. 356, 357 (1920); Robberson v. Burton, 790 So.2d 226, 228(¶ 8) (Miss.Ct.App.2001). Indeed, he is correct. However, this is not an action to determine proper title. Instead, as discussed above, a prospective interest does not have to be guaranteed or certain; rather, it only needs to be an anticipated or expected interest.
¶ 17. Longo also argues that, if we hold Peyton’s daughters to be interested parties, the practical effect require Ms. Davis, as the testator, to obtain the permission of the beneficiaries of a prior will before revoking or changing that will. Longo cites no authority for this proposition. Mere anticipation does not guarantee that Pey-ton’s daughters will be able to maintain their interest. Recognizing that the daughters have a prospective interest is no different than the supreme court recognizing that one can assign a right to inherit from a third person. Bayless v. Alexander, 245 So.2d 17 (Miss.1971). In that event, if the “assignor predeceases the source or if the source prevents the inheritance by execution of a will, then the as-signee will take nothing.” Robert A. Weems, Wills and Administration of Estates in Mississippi, § 1:18 (3d. ed.2003). This argument also ignores the very nature of a conservatorship, which allows for the appointment of a conservator “[i]f a person by reason of advanced age, physical incapacity or mental weakness is incapable of managing his own estate.” Miss.Code Ann. § 93-13-251 (Rev.2004). Certainly, Ms. Davis could revoke her will. However, to do so, Ms. Davis would have to regain testamentary capacity. This is contrary to the physician’s reports that determined she was suffering from mental weakness. It could happen. If it does, the Peytons’ prospective interest would end.
¶ 18. Longo’s final contention is that a 2001 will extinguished any prospective interest the Peytons might have had. This 2001 will was never put into evidence in *526 this case. The only mention of the contents of such will occurred during the hearing, when Longo’s counsel stated that Longo was the executor. Nothing was mentioned as to who the beneficiaries were in the 2001 will. On remand, the chancellor may consider whether the 1995 will was revoked by a subsequently executed will.
¶ 19. Based on the record before us, we find that the chancellor was in error to summarily dismiss Peyton’s petition to remove Longo as Ms. Davis’ conservator. Accordingly, we reverse and remand this case for further proceedings consistent with this opinion.
¶ 20. We add our concern that there are facts in issue that would require the chancellor to consider Peyton’s petition as Ms. Davis’ “superior guardian.” The record contains the November 3, 2004 warranty deed were Ms. Davis conveyed eighty acres of her property to Longo, the most significant asset Ms. Davis owned. A mere nineteen days later, a physician executed a report that declared Ms. Davis is “incapable of managing her own affairs or estate” because of her “physical conditions and mental weakness.” Seven days later, Longo filed a petition to establish a con-servatorship and grant himself the authority to act on behalf of Ms. Davis. The warranty deed, both physician’s reports, and the petition for appointment of conservator were prepared by Longo’s attorney and notarized by the same person, Sonja Rogers. Ms. Rogers also acted as the process server who served process on Ms. Davis. Ms. Rogers’s signature was notarized by the attorney for Longo. The attorney continues to represent Longo in this action. In addition, based on her financial information of record, it appears that Ms. Davis did not receive any monetary proceeds from the sale of the land to Longo and it was a gift. Accordingly, we are of the opinion that the chancellor should have used his authority as Ms. Davis’ “superior guardian” to ensure the legitimacy of the November 3 conveyance of property.
¶ 21. We now turn to the remainder of Peyton’s issues on appeal. In addition to the preceding issue, Peyton argues: (1) that Longo should be removed due to a conflict of interest; (2) that a fraudulent transfer of real property occurred; (3) that Longo should be removed due to a lack of filed inventories; and (4) that the chancellor should have required Longo to show cause due to dereliction of duty. After finding that Peyton lacked standing, the chancellor refused to address the merits of the claims alleged in Peyton’s petition. Accordingly, we conclude that these issues are not properly before us and should be addressed by the chancellor on remand.
¶ 22. THE JUDGMENT OF THE CHANCERY COURT OF LAWRENCE COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.