WILSON, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 32. I concur in Part II of the majority opinion, which holds that we lack jurisdiction of Constance Fitzmaurice's appeal from a non-final order in the estate case. However, I dissent as to Part I of the majority opinion, as I would affirm the chancellor's ruling that Fitzmaurice's petition for contempt in the conservatorship case was barred by Mississippi Code Annotated section 91-7-309.
 

 ¶ 33. The essential facts relevant to this appeal are not especially complicated. Charles Vandevort was appointed as Margarette Smith's conservator. Smith died in November 2010, and in July 2011 the chancery court entered an order approving Vandevort's final accounting, discharging Vandevort as conservator, and closing the conservatorship. The order directed that Smith's remaining assets be transferred to her estate.
 

 ¶ 34. Vandevort is also the sole beneficiary and executor under Smith's will. In January 2011, Smith's will was admitted to probate, and letters testamentary were issued to Vandevort. In July 2011, Fitzmaurice filed a complaint to set aside the will, although, as the majority notes, the complaint is not included in the record.
 
 [14]
 

 ¶ 35. In October 2013, Fitzmaurice filed a "Petition for Citation of Contempt" in the conservatorship case. She alleged that Vandevort violated his fiduciary duty to Smith by, inter alia, placing Smith's funds in a joint account that he co-owned with survivorship rights and then by withdrawing and keeping the funds for himself after Smith died. The record on appeal does not indicate why Fitzmaurice filed a complaint to set aside Smith's will in 2011 but waited another two-plus years to file her contempt petition.
 

 ¶ 36. The chancellor dismissed Fitzmaurice's contempt petition as untimely. The chancellor's ruling was correct and should be affirmed because a petition to reopen a conservatorship to "surcharge and falsify" the conservator's final account must be filed within two years of final settlement of the conservatorship.
 
 Miss. Code Ann. § 91-7-309
 
 . Fitzmaurice's petition was filed after this two-year period had expired.
 

 ¶ 37. Fitzmaurice's argument as to why the two-year limitation period of section 91-7-309 does not apply to her petition has two general themes: (1) her contempt petition is actually a claim "founded on a judgment," which is subject to a seven-year statute of limitations,
 
 see
 

 Miss. Code Ann. § 15-1-43
 
 ; and (2) she has "never challenged an account or accounting" and "is not attempting to reopen any ... conservatorship or any accounting thereof. Neither contention has merit.
 

 ¶ 38. With respect to the first point, Fitzmaurice contends that her petition is really a suit on a "judgment"-namely, the order closing the conservatorship and directing the transfer of its assets to the estate. In her opening brief on appeal, Fitzmaurice repeatedly asserts that "
 
 as the current executor/administrator [of Smith's estate]
 
 ," she "is a judgment creditor" and, as such, is "owed" funds that should have been transferred to the estate. Appellant's Br. 12 (emphasis added);
 
 see also
 

 id.
 

 at 18 & 24 (repeating the same argument).
 

 ¶ 39. However, at least according to the record on appeal, this argument is simply wrong on the facts. Fitzmaurice is
 
 not
 
 the "current executor/administrator" of Smith's estate. The chancery court issued letters testamentary to
 
 Vandevort
 
 , and there is nothing in our record to indicate that he has ever been removed as executor. Fitzmaurice is not a beneficiary under Smith's will, and at present her only connection to Smith's estate is that she is contesting Smith's will. As such, Fitzmaurice clearly is not a "judgment creditor" with respect to the final order closing the conservatorship and directing a transfer of assets to the estate.
 

 ¶ 40. In her reply brief, Fitzmaurice seems to recognize her error and shifts her focus to Mississippi Code Annotated section 91-7-285, which provides that if a conservator fails to perform any duty required by law or court order, the court may, "on the application of any interested party," punish the conservator for contempt, remove the conservator, or both. Fitzmaurice contends that she is an "interested party" because she is Smith's heir at law.
 

 ¶ 41. However, assuming that Fitzmaurice is an "interested party,"
 
 [15]
 
 that does not mean that her contempt petition was timely. Section 91-7-285 authorizes an interested party to file a contempt petition, but it does not override section 91-7-309 and permit the filing of such a petition more than two years after the final accounting and termination of the conservatorship. Stated differently, section 91-7-285 does not give anyone a perpetual right to file contempt petitions. Rather, "[a]ny person interested may" file such a petition "within two years after final settlement."
 
 Miss. Code Ann. § 91-7-309
 
 .
 

 ¶ 42. At its core, Fitzmaurice's argument is that her contempt petition is like a chameleon, and (1) we must accept it as a contempt petition so that she can claim standing under section 91-7-285, but then (2) we must pivot and treat it as an independent "action[ ] founded on a judgment" so that she may benefit from the seven-year statute of limitations found in
 section 15-1-43. However, because Fitzmaurice is not the executor of the estate, she lacks standing to bring an action founded on a judgment in favor of the estate. Therefore, her contempt petition is just that-a contempt petition. And it is untimely under section 91-7-309.
 
 [16]
 

 ¶ 43. As noted above, a second theme of Fitzmaurice's argument is that she "never challenged any account or accounting" and "is not attempting to reopen any ... conservatorship or any accounting thereof." Appellant's Br. 7, 9, 16, 50. Her argument seems to be that section 91-7-309 does not apply at all unless a party's claim is specifically and narrowly limited to allegations of accounting errors. Fitzmaurice contends that her petition only seeks compliance with court orders and alleges that the conservator breached his fiduciary duties, so section 91-7-309"is wholly inapplicable." Appellant's Br. 14, 50. This argument both ignores the substance of Fitzmaurice's petition and interprets section 91-7-309 far too narrowly.
 

 ¶ 44. As to the substance of Fitzmaurice's claim, in her motion for reconsideration in the chancery court, she clearly argued that Vandevort "procured an order" closing the conservatorship by presenting a "final accounting" that knowingly "[mis]represented [that] converted funds were still in the conservatorship." This is
 
 exactly
 
 the sort of claim that section 91-7-309 describes: "Any person interested may, at any time within two years after final settlement, by bill or petition, open the account of any executor, administrator, or guardian and surcharge and falsify the same, and not after ...." The basic premise of Fitzmaurice's claim is that Vandevort's final accounting was false because he had already wrongfully converted funds that he continued to show as assets of the conservatorship.
 

 ¶ 45. Moreover, the plain language of section 91-7-309 is not limited to narrow allegations of accounting errors or inaccuracies. The most relevant definition of "surcharge" is "to impose a fine on a fiduciary for breach of a fiduciary duty."
 
 Black's Law Dictionary
 
 1579 (9th ed. 2009). This is the gravamen of Fitzmaurice's contempt petition-that Vandevort should be found in contempt based on alleged breaches of his fiduciary duties to Smith.
 

 ¶ 46. Finally, although Fitzmaurice claims that she is "not attempting to reopen any ... conservatorship" (Appellant's Br. 16), she fails to explain how she can obtain relief in a case that remains closed. She filed her contempt petition in a conservatorship proceeding that had been closed for more than two years. As a logical matter, the court cannot grant relief on Fitzmaurice's petition without first reopening the conservatorship. Section 91-7-309 provides a mechanism for reopening a conservatorship, but it is unavailable more than two years after the conservatorship was terminated.
 

 ¶ 47. In summary, Fitzmaurice does not have standing to sue on behalf of the estate. She is not the executor of the estate, and at present her only connection to the
 estate is as a contestant to the deceased's will. Therefore, she clearly lacks standing to bring an action "founded on a judgment" in favor of the estate. The petition for contempt that she filed in the conservatorship proceeding was just that-a petition for contempt. And it was untimely because it was filed more than two years after the final accounting and termination of the conservatorship.
 
 Miss. Code Ann. § 91-7-309
 
 . The chancellor correctly dismissed the petition for this reason, and his ruling should be affirmed.
 
 [17]
 

 GRIFFIS, P.J., AND FAIR, J., JOIN THIS OPINION.
 

 The complaint is not in the record because Fitzmaurice's designation of the record on appeal excluded any pleadings, transcripts, or other papers filed prior to her October 2013 contempt petitions. In addition, the chancery clerk did not include docket entries in the estate case that predate the chancery court's conversion to electronic filing in 2013.
 

 Our Supreme Court has held that an "interested party" is "a person who has a legitimate interest present or prospective in that estate, or who has some personal responsibility as regards the estate."
 
 In re Conservatorship of Davis
 
 ,
 
 954 So.2d 521
 
 , 525 (¶ 14) (Miss. Ct. App. 2007) (quoting
 
 In re Conservatorship of Harris v. King
 
 ,
 
 480 So.2d 1131
 
 , 1132 (Miss. 1985) ;
 
 Barney v. Barney
 
 ,
 
 203 Miss. 228
 
 , 230,
 
 33 So.2d 823
 
 , 824 (1948) ). In
 
 Davis
 
 , this Court reasoned that a "prospective" interest is an interest that is "anticipated or expected" or "likely to come about."
 
 Davis
 
 ,
 
 954 So.2d at 525
 
 (¶ 14) (quoting
 
 Black's Law Dictionary
 
 1238 (7th ed. 1999)). This Court then held that the petitioner was "interested" in the conservatorship because his minor daughters were the sole beneficiaries in the ward's will and thus had an "anticipated or expected interest" in the estate.
 

 Id.
 

 at (¶¶ 15-16). Here, in contrast, the ward is already deceased, and Fitzmaurice is
 
 not
 
 a beneficiary under her will and has no interest in the estate unless she first prevails in her will contest. Therefore, at this stage of the proceedings, it is speculative to say that Fitzmaurice's interest in the estate is "anticipated or expected" or "likely to come about." Nonetheless, I assume for purposes of this opinion that Fitzmaurice is as an interested party under the statute.
 

 The majority also concludes that Fitzmaurice's claim may be treated like an independent claim for breach of fiduciary duty, which is subject to the three-year statute of limitations.
 
 See
 

 ante
 
 at (¶ 22). The majority raises this issue, although it notes that "[n]either the chancellor nor either of the parties discussed the application of the three-year 'catch-all' statute of limitations."
 

 Id.
 

 The three-year statute of limitations is inapplicable for essentially the same reasons that section 15-1-43 does not apply: Fitzmaurice lacks standing to bring an independent breach of fiduciary duty claim on behalf of the estate. Therefore, her claim can only be treated as a contempt petition, not an independent tort claim. And her contempt petition is untimely under section 91-7-309.
 

 To the extent that it is a cause for concern, affirmance of the chancellor's order dismissing Fitzmaurice's contempt petition would not prevent recourse against Vandevort for any provable wrongdoing. Although the record on appeal is limited, Fitzmaurice appears to be Smith's sole heir at law. Thus, if Fitzmaurice prevails on her pending complaint to set aside Smith's will, she presumably would be appointed as the administrator of Smith's estate, at which point she would be a proper party to pursue whatever claims the estate may have against Vandevort.
 
 See
 

 Miss. Code Ann. §§ 91-7-63
 
 & -233 (Rev. 2013).